207 So.2d 312 (1968)
Julian VALDES, Appellant,
v.
PRUDENCE MUTUAL CASUALTY COMPANY, an Illinois Corporation, Authorized to Do Business in the State of Florida, Appellee.
No. 67-322.
District Court of Appeal of Florida. Third District.
January 30, 1968.
*313 Levey, Levenstein & Sirkin, Miami, and Harris J. Buchbinder, Miami Beach, for appellant.
Hawkesworth & Kay and C.J. Van Delinder, Miami, for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
HENDRY, Judge.
The plaintiff below, Julian Valdes, filed his complaint against the defendant, Prudence Mutual Casualty Company, seeking recovery under the uninsured motorist provisions of a policy of insurance.
The material facts are not disputed. On or about September 30, 1966, the plaintiff was involved in an accident with an automobile operated by one James Magoon, who was not a party to the suit. Magoon was in no way protected by automobile liability insurance at the time of the accident. However, plaintiff was the owner of a policy of insurance issued by defendant company, which policy covered two family automobiles owned by plaintiff. The policy contained an uninsured motorist coverage endorsement providing, inter alia:
"1. Damages for Bodily Injury Caused by Uninsured Automobiles: The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so, the amount thereunder, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.
* * * * * *
Exclusions
"This endorsement does not apply:
"(a) * * *
"(b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by such an automobile, but this exclusion does not apply to the principal named insured or his relatives while occupying or if struck by an automobile owned by an insured named in the schedule or his relatives; * * *"
At the time of the accident, the plaintiff was not driving either of the family automobiles described in the insurance policy, but was instead operating a Vespa motor *314 scooter which he owned and maintained. The defendant denied coverage under the policy and plaintiff filed suit.
The insurance company defended and relied upon the terms of the policy of insurance. It was contended that at the time of the accident plaintiff was operating an automobile owned by him but not insured under the policy, thus bringing plaintiff within the terms of the exclusionary clause above quoted and precluding recovery. The trial judge agreed with that contention and awarded summary judgment in favor of the defendant, whereupon, plaintiff appealed.
The sole question to be decided upon this appeal is whether the term "automobile", as used in the exclusionary clause, is sufficiently broad to encompass the type of vehicle herein involved so as to preclude plaintiff's recovery.
We first take cognizance of the rule regarding insurance contract clauses that unambiguous language requires no special construction or interpretation. Such language will be given that meaning which it clearly expresses. Goldsby v. Gulf Life Ins. Co., 117 Fla. 889, 158 So. 502 (1935); Rakoff v. World Insurance Co., Fla.App. 1966, 191 So.2d 476; Oren v. General Accident Fire and Life Assur. Corp., Fla.App. 1965, 175 So.2d 581.
The issue here before us was decided by the Supreme Court of Iowa in the case of Westerhausen v. Allied Mutual Insurance Company, 258 Iowa 969, 140 N.W.2d 719 (1966). Under the facts of that case, Joseph S. Westerhausen was operating his two-wheel motorcycle on the streets of Des Moines, Iowa, when he was involved in an accident with an uninsured motorist. Mr. Westerhausen had been insured under a "Family Automobile Policy" issued by Allied Mutual. Within a short time after the accident, Westerhausen died, and his widow, as personal representative of the estate, claimed against the insurance company. The material provisions of the Allied Mutual policy were similar to the ones contained in the policy here before us. The basic issue concerned the exclusion clause, which read:
"Exclusions. This policy does not apply under Part IV: (a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile."
The Iowa court held that the language of the exclusion clause did not relieve the insurer of its liability arising out of the accident. We quote from the opinion at page 721:
"The parties seem to agree that, had the insured been struck by the Ryan vehicle while walking or riding a bicycle, he would have been covered under Part IV, and they have stipulated the only issue that need be determined in this cause is whether the word `automobile', as used in the policy under the `Exclusions', means a motorcycle.
* * * * * *
"The trial court held this case could and should be decided by reference to the words and definitions used by the defendant itself in the policy. We agree. * * *
"It is evident, for the purposes involved, that the policy defines `automobile' as a four-wheeled vehicle, that this definition is applicable to the exclusionary clause, and that it does not include a two-wheeled motorcycle of the type the insured was riding when injured."
In view of the factual similarities, including identity of policy clauses and definitions, between this case and the Westerhausen case, supra, we are persuaded by the reasoning of the Iowa court, and we adopt that reasoning as our own. We hold *315 that the word "automobile" as that term is used in the exclusionary clause of the policy in question, does not include the vehicle being operated by Julian Valdes at the time of the accident and, that therefore, the exclusionary clause does not, in this instance, relieve Prudence Mutual Casualty Company of its liability under the policy of insurance.
For the reasons above expressed, the order of the lower court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.