374 So.2d 1079 (1979)
STATE FARM Mutual Automobile Insurance Company, Appellant,
v.
Robert H. Kuhn and Rebecca W. Kuhn, His Wife, Appellees.
No. 79-279.
District Court of Appeal of Florida, Third District.
August 21, 1979.
Rehearing Denied September 19, 1979.
*1080 Walton, Lantaff, Schroeder & Carson and George W. Chesrow, Miami, for appellant.
Post & Gordon, Greene & Cooper and Marc Cooper, Miami, for appellees.
Before HAVERFIELD, C.J., and KEHOE and SCHWARTZ, JJ.
PER CURIAM.
In this declaratory judgment action defendant insurer appeals a partial summary judgment determining that plaintiff insured is entitled to uninsured motorist benefits.
Appellant, State Farm Mutual Automobile Insurance Company, had issued to the appellee, Robert H. Kuhn, two separate liability insurance policies, one for his motorcycle and the other for his pickup truck. The truck policy provided uninsured motorist coverage. Kuhn had rejected in writing such coverage for his motorcycle. While riding his motorcycle, Kuhn sustained injuries when an automobile owned and operated by Dana Tucker struck the motorcycle. Tucker had no liability insurance and Kuhn made demand upon State Farm for the uninsured motorist benefits under the truck policy. State Farm denied coverage and Kuhn filed the instant suit for declaratory relief. Subsequently both parties moved for summary judgment, which after hearing was entered in favor of Kuhn. From the judgment finding that Kuhn is entitled to uninsured motorist benefits, State Farm perfected this appeal.
The dispositive question presented for our determination is whether Kuhn is precluded by Section 627.4132, Florida Statutes (1977), below, from recovery of the uninsured motorist benefits provided in the truck policy.
"627.4132 Stacking of coverages prohibited.  If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds." [Emphasis Supplied]
The well established principle of law is that where the words used and the grammatical construction employed in a statute are clear and they convey a definite meaning, *1081 the legislature is presumed to have meant what it said and, therefore, it is unnecessary to resort to the rules of statutory construction. Hialeah, Inc. v. B & G Horse Transp., Inc., 368 So.2d 930 (Fla. 3d DCA 1979).
A reading of Section 627.4132 clearly evidences a two fold purpose: (1) to prohibit the stacking of coverages, and (2) to restrict an insured to the coverage contained in the policy covering the vehicle which he was operating at the time of the accident. McLellan v. State Farm Mut. Auto. Ins. Co., 366 So.2d 811, 812 (Fla. 4th DCA 1979). Kuhn's motorcycle being the vehicle involved in accident, Kuhn is restricted to the coverage in the policy issued on the motorcycle. Having rejected uninsured motorist coverage thereon, he is not entitled to the uninsured motorist benefits provided for in his truck policy under the plain terms of the statute.
In an attempt to circumvent Section 627.4132, Kuhn argues that his motorcycle is not a "vehicle." However, we must reject this argument for the reasons cited in Standard Marine Insurance Company v. Allyn, 333 So.2d 497 (Fla. 1st DCA 1976).
Accordingly, the judgment for Kuhn is reversed and the cause is remanded to the trial court to enter judgment for State Farm.
Reversed and remanded.