388 So.2d 29 (1980)
Antonio INDOMENICO, Etc. et al., Appellants,
v.
STATE FARM MUTUAL AUTO INSURANCE COMPANY, Appellee.
No. 80-160.
District Court of Appeal of Florida, Third District.
September 16, 1980.
*30 Ser, DeCardenas, Levine, Busch & Allen and Elliott Heywood Lucas, Miami, for appellants.
Walton, Lantaff, Schroeder & Carson and George W. Chesrow, Miami, for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The issue before us is whether uninsured motorist benefits provided in the policy issued to a parent will afford coverage to a minor residing in his household who was involved in an accident, with an uninsured motorist, while the minor was operating a motorcycle on which no policy of insurance had been issued. We agree with the trial court's ruling which held that the minor was not entitled to coverage and affirm.
Although the motorcycle operated by the minor was not separately covered by a policy of insurance, the minor's father owned three vehicles which were covered by three separate policies issued by the appellee, State Farm Mutual Auto Insurance Company.
Prior to the adoption of the anti-stacking statute, Section 627.4132, Florida Statutes (1977), the effect of our holding in Valdes v. Prudence Mutual Casualty Company, 207 So.2d 312 (Fla. 3d DCA 1968) would have permitted recovery. However, under State Farm Mutual Automobile Insurance Company v. Kuhn, 374 So.2d 1079 (Fla. 3d DCA 1979), we observed:
A reading of Section 627.4132 clearly evidences a two fold purpose: (1) to prohibit the stacking of coverages, and (2) to restrict an insured to the coverage contained in the policy covering the vehicle which he was operating at the time of the accident. McLellan v. State Farm Mut. Auto Ins. Co., 366 So.2d 811, 812 (Fla. 4th DCA 1979).
374 So.2d at 1081.
Like the claimant in State Farm Mutual Automobile Insurance Company v. Kuhn, supra, plaintiff here seeks to circumvent Section 627.4132, Florida Statutes (1977), by arguing that his motorcycle is not a "vehicle." We agree with Standard Marine Insurance Company v. Allyn, 333 So.2d 497 (Fla. 1st DCA 1976), where the court correctly observes:
The statutory definition of a "motor vehicle" found in the Financial Responsibility Act is far more consonant with the public policy of this state as to uninsured motorist than the "PIP" definition in the instant policy ... [footnote omitted]
333 So.2d at 499.
Under Section 627.4132, Florida Statutes (1977), an insured or named insured is protected only to the extent of the coverage on the "vehicle involved in the accident." The term "vehicle" referred to in Section 627.4132, Florida Statutes (1977), is broader than the term "motor vehicle" contained in the Florida Automobile Reparations Reform Act. §§ 627.730-627.741, Fla. Stat. (1977). Standard Marine Insurance Company, supra. The questioned policy in this action involves a much broader definition of a highway vehicle and is consistent with Section 324.021(1), Florida Statutes (1977). In the instant case, the policy involved defined a highway vehicle to include: "a land motor vehicle or trailer other than a vehicle operated on rails or crawler heads, or a farm type tractor or equipment... ." The policy definition, as written, plainly embraces a motorcycle. If a vehicle owned by the insured or named insured is involved in the accident, *31 Section 627.4132, Florida Statutes (1977), mandatorily limits an insured or named insured to the coverage on the vehicle involved in the accident.
Under the situation presented in this case, the Legislature has chosen to have insurors provide uninsured motorist coverage for vehicles upon which they have issued a policy of insurance. However, if, as in this case, plaintiff is injured while driving a vehicle which he owned but chose not to insure, he may not now seek recovery from his insuror based on coverage he may have on other vehicles which he owns.
We find appellant's argument with respect to the last sentence in Section 627.4132 to be irrelevant simply because only one named insured was involved in the three separate policies. Kokay v. South Carolina Insurance Company, 380 So.2d 489 (Fla. 3d DCA 1980).
We note that the present anti-stacking law has been changed by Chapter 80-364, Laws of Florida, effective October 1, 1980. This change removes uninsured motorist coverage from the ambit of Section 627.4132.[1]
Affirmed.
NOTES
[1] By this information, we do not construe Chapter 80-364, Laws of Florida, either as to content or its applicability. See Dewberry v. Auto-Owners Insurance Company, 363 So.2d 1077 (Fla. 1978).