PER CURIAM.
The appellant, plaintiff in the trial court (Guillermina J. Lauredo), brings this appeal from a final summary judgment in favor of the defendant (appellee herein), Fidelity & Casualty Company of New York.
The appellant was injured while driving her 1970 Ford van (a commercial vehicle) when she was struck by a motor vehicle. The Ford van and a 1971 Chevrolet (also owned by the appellant) were both insured under separate policies by the appellee. Because the Ford van was a commercial vehicle its policy did not contain PIP coverage, but the policy for the Chevrolet did contain PIP coverage with a $5,000.00 limit. Accordingly, the appellant sought recovery under the PIP coverage under her Chevrolet policy. Following the appellant’s notice and proof of claim, the insurance company denied coverage and refused to pay her medical expenses. Because of this denial, Ms. Lauredo instituted a declaratory action to determine her rights under the policy covering her Chevrolet. From cross-motions for summary judgment, the trial court granted the motion of the insurer and entered a final summary judgment for Fidelity, ruling that there was no coverage under the subject policy. This appeal ensued. We affirm.
*1074 The appellant seeks PIP coverage because she was injured while occupying a “commercial vehicle” and not a “motor vehicle”. However, the appellant overlooks the wording of the “no-stack” statute [Section 627.4132, Florida Statutes (1976)] to the effect that “. . . the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident.” Accordingly, even though the appellant was not the occupant of a “motor vehicle”, she was the occupant of a “vehicle”. See: State Farm Mutual Auto Insurance Co. v. Kuhn, 374 So.2d 1079 (Fla. 3d DCA 1979), for the proposition that the “no-stacking” statute has the twofold purpose of prohibiting stacking of coverages and restricting coverage to that contained in the policy covering the vehicle the claimant was occupying at the time of the accident.
Therefore, the final summary judgment here under review be and the same is hereby affirmed.
Affirmed.