413 So.2d 1216 (1982)
David HARBACH, Allen Harbach and Patricia Harbach, Appellants,
v.
NEW HAMPSHIRE INSURANCE GROUP, a Foreign Corporation, Appellee.
No. 81-519.
District Court of Appeal of Florida, Fifth District.
April 14, 1982.
Rehearing Denied May 17, 1982.
Richard D. Dixon, Indialantic, for appellants.
Janet R. DeLaura of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellee.
PER CURIAM.
David Harbach and his parents appeal from an order ruling that the parents' uninsured motorist insurance coverage, issued by appellee, did not cover David's injuries received while he was operating his own uninsured motor vehicle. Because he was struck by an underinsured motorist he has made a claim against the policy.
David, resident in his parents' household, had no insurance covering his personal vehicle but his parents' policy provided for uninsured motorist coverage as follows:
We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident.
* * * * * *
"Covered person" as used in this Part means:
(1) You or any family member.

The policy defined "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child." However, the uninsured motorist coverage provisions contained the following exclusion:
We do not provide Uninsured Motorist Coverage for bodily injury sustained by any person:
(1) while occupying, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under this policy.
If the question of coverage for David's injuries were to be determined solely from the terms of the policy, the policy would not provide such coverage. Although the policy covered injury caused by an uninsured motorist to the named insured or any family *1217 member resident in the household, the policy excluded uninsured motorist coverage if at the time of the injury the "covered person" was operating an automobile not insured under the policy. However, exclusions of this type were held to be invalid by the Florida Supreme Court in Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971). Mullis involved facts similar to those in the instant case. Mullis was operating an uninsured motorcycle belonging to him when he was injured by an uninsured motorist. Although he was resident in his parents' household, his parents' uninsured motorist insurer denied coverage because of an exclusion identical to that in the instant case. The supreme court held that the exclusion was invalid as being in conflict with the statutes defining uninsured motorist coverage, stating that a family member resident in the household is entitled to uninsured motorist "whenever or wherever bodily injury is inflicted upon him by the negligence of an uninsured motorist." Id. at 238.
The case the trial court relied upon, State Farm Mutual Automobile Insurance Co. v. Wimpee, 376 So.2d 20 (Fla. 2d DCA 1979), held that one resident in his father's household who was injured while driving his own uninsured automobile could not recover under his father's policy. The Wimpee court interpreted the statute "to provide for no coverage when the insured has no coverage on the vehicle involved in the accident." This case is at cross-purposes with the statute, Section 627.4132, as determined by the supreme court in South Carolina Insurance Co. v. Kokay, 398 So.2d 1355 (Fla. 1981). The statute's effect is that if there is more than one policy of uninsured motorist coverage applicable to one accident, and if those policies are issued to the same named insured, then the statute states which coverage is to be applicable to the accident, to the exclusion of all others. If the injured person has uninsured motorist coverage on his own vehicle which is involved in the accident, then he may not obtain coverage under any other uninsured motorist policy containing the same named insured. Therefore, the statute deals only with determining which of multiple coverages issued to the same named insured will apply to a particular accident; it does not determine whether one will be entitled to coverage at all.
In summary, section 627.4132 applies to bar coverage only where multiple coverages are issued to the same named insured; in such event, the policy describes which coverage will be available to the exclusion of all others. However, here, where there is only one uninsured motorist policy available to the appellant, the statute can create no bar to his recovery under that policy. Therefore, the trial judge erred in ruling that there was no coverage for the appellant under his parents' policy, and the declaratory judgment is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
DAUKSCH, C.J., and COBB and COWART, JJ., concur.