428 So.2d 367 (1983)
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellant,
v.
Lawrence GLENN, Appellee.
No. 82-1849.
District Court of Appeal of Florida, Third District.
March 22, 1983.
Joe N. Unger, Kopplow & Flynn, Miami, for appellant.
Horton, Perse & Ginsberg and Edward A. Perse, Herman Klemick, Miami, for appellee.
Before BARKDULL, HUBBART and JORGENSON, JJ.
BARKDULL, Judge.
The appellee was injured while riding on a moped as a passenger, when the moped collided with an automobile. The driver and owner of the moped was uninsured. The automobile with which it collided was also uninsured. The plaintiff resided with his mother who had an insurance policy with the appellant which provided for personal injury protection benefits (hereinafter known as PIP) and for Uninsured Motorist coverage.[1]
*368 The trial court found coverage under both the PIP and Uninsured Motorist provisions.
We affirm the ruling as to the PIP coverage on the authority of State Farm Mutual Auto Insurance Company v. Link, 416 So.2d 875 (Fla. 5th DCA 1982). The trial court's ruling on the Uninsured Motorist's Coverage is also affirmed.
The appellant herein argues that the policy sued upon specifically excludes coverage for bodily injury sustained by the insured "while occupying a motorized vehicle with less than four wheels" and that said exclusion is permissible under the holdings in Allstate Insurance Company v. Alvarez, 414 So.2d 224 (Fla. 3d DCA 1982); Indomenico v. State Farm Mutual Auto Insurance Company, 388 So.2d 29 (Fla. 3d DCA 1980); France v. Liberty Mutual Insurance Company, 380 So.2d 1155 (Fla. 3d DCA 1980); and State Farm Mutual Automobile Insurance Company v. Kuhn, 374 So.2d 1079 (Fla. 3d DCA 1979). We disagree with the appellant's reasoning. Those cases relied upon by the appellant involve cases which were decided upon interpretation of the antistacking statute, Section 627.4132 Florida Statutes (1976) or involved a situation where the injured party sought underinsured motorist's coverage under her parent's policy when she was not an insured within the terms of the policy in that she owned a private passenger automobile and was not a relative within the definitions of the policy. In the instant case we are not concerned with such matters. The moped upon which the injured insured was riding was not covered by insurance. The automobile involved in the accident was not covered by insurance. The moped was not owned by the insured party or the named insured on the policy and neither of them owned another uninsured automobile. What we have here is an attempt by the appellant to exclude uninsured motorist's coverage based solely upon the mode of transportation. This constitutes an impermissible exclusion under Section 627.727 Florida Statutes (1979). See Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229 (Fla. 1971); Hartford Accident & Indemnity Company v. Mason, 210 So.2d 474 (Fla. 3d DCA 1968); Forbes v. Allstate Insurance Company, 210 So.2d 244 (Fla. 3d DCA 1968). The supreme court in Mullis v. State Farm Mutual Automobile Insurance Company, supra, stated as follows:
"The District Court of Appeal, Third District, in Forbes v. Allstate Insurance Company, 1968, 210 So.2d 244, held a policy exclusion of an insured from uninsured motorist protection while he occupies a public conveyance (taxicab) and is injured by an uninsured motorist to be void.
The Third District Court, one week after its Forbes decision, in Hartford Accident and Indemnity Co. v. Mason, 1968, 210 So.2d 474, held that partial exclusion of uninsured motorist coverage of insured with respect to certain vehicles is void.
The Second District Court of Appeal, on the same day Forbes was decided, held in First National Insurance Company v. Devine, 211 So.2d 587 [(Fla.App. 1968)], exclusions from the class of insureds under uninsured motorist coverage of drivers under age of twenty-five years was void as against the public policy expressed in Section 627.0851. The court said:
* * * * The statute [F.S. § 627.0851, F.S.A.] does not contemplate a piecemeal whittling away of liability for injuries caused by uninsured motorists. * * * * (Emphasis supplied.)
It also said:
* * * * If the purpose of uninsured motorist insurance is to indemnify an innocent party against injury which might be caused by a wrongdoer, then the age of the innocent party is not a factor in the cause of the injury. * * *369 And neither is the innocent party's mode of transportation a factor." (Emphasis supplied.)
Therefore, the order on the motions for summary judgment appealed herein is hereby affirmed in all respects.
Affirmed.
NOTES
[1] INJURY PROTECTION
The Company will pay, in accordance with the Florida Automobile Reparations Reform Act, as amended, to or for the benefit of the injured person;
(a) 80% of medical expenses, and
(b) 60% of work loss, and
(c) Replacement services expenses, and
(d) funeral, burial or cremation expenses, incurred as a result of bodily injury, caused by an accident arising out of the ownership, maintenance or use of a motor vehicle and sustained by:
(1) the named insured or any relative while occupying a motor vehicle or, while a pedestrian through being struck by a motor vehicle; or
(2) any other person while occupying the insured motor vehicle or, while a pedestrian, through being struck by the insured motor vehicle.
Coverage  Uninsured Motorists Coverage
We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle up to the limit of liability as defined in this part. The bodily injury must be caused by accident and arise out of the ownership, maintenance or driving of the uninsured motor vehicle.