PER CURIAM.
Lumbermens Mutual Casualty Company appeals a final declaratory decree entered against it below finding that the insured Gary M. Stern was entitled to uninsured motorist coverage for injuries sustained in an automobile accident with an underinsured motorist. Lumbermens contends that Section 627.4132, Florida Statutes (1977), permits an insurance company to exclude from uninsured motorist coverage any accident, as here, occurring while the insured occupies a vehicle owned by him, but not insured under the subject insurance policy. We agree with Lumber-mens and reverse.
The facts of this case are as follows. Lumbermens Mutual Casualty Company issued a liability insurance policy to one Beatrice Wolfe. The plaintiff Gary M. Stern is Mrs. Wolfe’s grandchild; he resides in the same household with Mrs. Wolfe and is therefore an insured under the terms of this insurance policy. The uninsured motorist provision of the policy, however, specifically excludes from coverage any bodily injury sustained “while occupying, or when struck by, any motor vehicle owned by you [the contracting insured] or any family member which is not insured for this coverage under this policy.” The sole vehicle insured under this insurance policy was the contracting insured Beatrice Wolfe’s 1972 Oldsmobile; the insured family member Gary M. Stern owned a 1974 Dodge which was not insured thereunder.
On August 17, 1979, the insured Gary M. Stern was involved in an automobile acci *49 dent with an underinsured motorist; Stern was driving his 1974 Dodge, which as stated above, was not covered under the subject insurance policy. Lumbermens, therefore, denied uninsured motorist coverage for any injuries sustained by the insured Stern in this accident. The insured Stern thereafter filed a declaratory judgment action below in which he sought a determination as to whether there was uninsured motorist coverage in the circumstances presented by this case. The trial court entered a final declaratory decree in which it found that there was uninsured motorist coverage for the insured Stern under the policy in the amount of $25,000. This appeal follows.
All agree that the above-stated exclusion for uninsured motorist coverage in the subject insurance policy, if valid, precludes the insured Stern from any recovery for injuries sustained in the accident with the underinsured motorist. Plainly, the exclusion denies any coverage for bodily injuries sustained by the insured while occupying a motor vehicle owned by either the contracting insured or the family member insured which was not specifically insured under the policy. In the subject automobile accident, it is undisputed that the accident did not involve the contracting insured’s 1972 Oldsmobile, the only automobile insured under the subject insurance policy; the accident occurred while the insured Stern was driving his 1974 Dodge which, without dispute, was not covered by the said policy. The central issue, then, is whether this exclusionary provision in the uninsured motorist coverage of the subject policy is a valid exclusion. We conclude that it is.
Section 627.4132, Florida Statutes (1977), provides as follows:
“If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured’s or named insured’s vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.”
We have held that this statute clearly evinces a two-fold purpose: (1) to prohibit the stacking of insurance coverages; and (2) to restrict the insured to the coverage he has on the vehicle involved in the accident. State Farm Mutual Automobile Insurance Co. v. Kuhn, 374 So.2d 1079 (Fla. 3d DCA 1979), app. dism. and cert. denied, 383 So.2d 1197 (Fla.1980). To construe the statute otherwise would defeat the objective of the legislature in enacting the statute. See In-domenico v. State Farm Mutual Auto Insurance Co., 388 So.2d 29 (Fla. 3d DCA 1980).
Under the terms of the above-stated statute, if an insured is injured while occupying a vehicle which he owns but chose not to insure, he may not now seek uninsured motorist recovery from his insurer where, as here, the insurance policy specifically excludes coverage for non-owned vehicles. This is the square holding of the Second District Court of Appeal in State Farm Mutual Automobile Insurance Co. v. Wimpee, 376 So.2d 20 (Fla. 2d DCA 1979), cert. denied, 385 So.2d 762 (Fla.1980), with which we entirely agree. We recognize that this holding is in conflict with Harbach v. New Hampshire Insurance Group, 413 So.2d 1216 (Fla. 5th DCA 1982), but respectfully decline to follow that decision. We believe our result here is consistent with the plain meaning of Section 627.4132, Florida Statutes (1977), as well as consonant with recent judicial rulings on this subject.
The final declaratory decree finding uninsured motorist coverage in this case is reversed and the cause is remanded to the trial court with directions to enter a final declaratory decree finding no uninsured motorist coverage for the insured Gary M. *50 Stern for the automobile accident involved herein.