PER CURIAM.
In June 1978, Gregory Reynolds, while riding his motorcycle, for which he had no insurance, was injured when he was struck by a negligently-operated uninsured motor vehicle. Gregory resided with his mother, Maude, who was the named insured in an automobile liability policy issued by appel-lee, State Farm Mutual Automobile Insurance Company. That policy provided uninsured motorist coverage under the terms of which Gregory was an insured. The trial court entered judgment for the insurer because of an exclusion which provided that the insurance did not apply to bodily injury to an insured while occupying a land motor vehicle owned by the named insured or any resident of the same household if such vehicle was not an owned motor vehicle (which the motorcycle was not).
The judgment is affirmed on the authority of Indomenico v. State Farm Mutual Automobile Insurance Co., 388 So.2d 29 (Fla. 3d DCA 1980), which, applying the identical policy exclusion to facts on all fours with those in this case, held that by virtue of Section 627.4132, Florida Statutes (1977) the uninsured motorist coverage was not applicable to the injuries sustained by the insured. See also State Farm Mutual Automobile Insurance Co. v. Kuhn, 374 So.2d 1079 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1197 (Fla.1980); Allstate Insurance Co. v. Alvarez, 414 So.2d 224 (Fla. 3d DCA 1982); Vetter v. State Farm Mutual Automobile Insurance Co., 423 So.2d 991 (Fla. 3d DCA 1982). Contra Harbach v. New Hampshire Insurance Group, 413 So.2d 1216 (Fla. 5th DCA 1982). As in Allstate Insurance Co. v. Alvarez, supra, and Vetter v. State Farm Mutual Automobile Insurance Co., supra, we acknowledge and certify that this decision is in direct conflict with Harbach v. New Hampshire Insurance Group, supra.