OWEN, WILLIAM C., Jr., Associate Judge,
dissenting:
There are two sound reasons why I believe that both this court and the trial court are in error in denying to Gregory Reynolds the benefits of uninsured motorist coverage under the policy issued by appellee to Mrs. Reynolds. The first involves nothing more than a simple reading of the policy itself. The second involves the applicability and construction of Section 627.4132, Florida Statutes (1977).
First, the policy itself. By definition, Gregory is an “insured” under the uninsured motorist coverage because his mother is the named insured and he is a resident of his mother’s household. Thus, he has coverage unless coverage is excluded by one of the exclusions.
The exclusion relied upon by appellee and held applicable by the court provides that the insurance does not apply to bodily injury to an insured while occupying a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an owned motor vehicle. Gregory fits within this exclusion in every respect if, and only if, the motorcycle he was occupying at the time he sustained personal injuries is a “land motor vehicle.”
The term “land motor vehicle” is not defined anywhere in the policy, but common sense tells us that it would be nothing more or less than a motor vehicle intended to be used solely on land. “Motor vehicle” is not defined under the uninsured motorist coverage provisions, but is defined under the liability coverage provisions. While the definition contains several limitations and exceptions (none of which is material to this case), the basic definition requires that it be a four wheel, self-propelled vehicle of a type required to be registered and licensed under Florida law, not used as a public or livery conveyance. No one, for a moment, contends that Gregory’s motorcycle meets this definition of “motor vehicle.” Since the insurer selected the wording of the exclusion to uninsured motorist coverage, but elected not to define within that coverage the meaning of the terms used, the definition of those terms, as found elsewhere in the policy and which provides the broadest *197 coverage to the insured, should be adopted. I think it clear that within the policy definitions, Gregory was not occupying a land motor vehicle at the time he was injured, and thus he was not within the parameters of the exclusion upon which appellee relied.
The foregoing view is exactly the view expressed by this court in the case of Valdes v. Prudence Mutual Casualty Co., 207 So.2d 312 (Fla. 3d DCA 1968), involving an exclusionary clause and a factual situation which, as to the legal issues involved, are indistinguishable from those in the case at bar. As this court recognized in Indo-menico v. State Farm Mutual Automobile Insurance Co., 388 So.2d 29 (Fla. 3d DCA 1980), the holding in the Valdes case would still permit recovery in instances such as this were it not for the effect of Section 627.4132, Florida Statutes (1977). In all deference, I think that the Indomenico case, as well as the case upon which it relied, State Farm Mutual Automobile Insurance Co. v. Kuhn, 374 So.2d 1079 (Fla. 3d DCA 1979), erroneously concluded that Section 627.4132, Florida Statutes (1977), affected the precedent established by this court’s decision in the Valdes case.
And so to the question of the applicability and construction of Section 627.4132, Florida Statutes (1977).[1] In McLellan v. State Farm Mutual Automobile Insurance Co., 366 So.2d 811 (Fla. 4th DCA 1979), it was stated that a reading of the statute clearly evidenced a two-fold purpose: (1) to prohibit the stacking of coverages, and (2) to restrict an insured to the coverage contained in the policy covering the vehicle which he was operating at the time of the accident. I think the McLellan decision, upon which this court relied in both the Kuhn and Indomenico cases, is a correct decision if it is read as meaning that when one is an insured (whether a named insured or an additional insured) under two or more policies issued to the same named insured, the statute prohibits the stacking of coverage and restricts the insured to the coverage on the vehicle involved in the accident, unless none of the insured’s or named insured’s vehicles is involved in the accident, in which event coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Unfortunately, the McLellan decision was cited in both the Kuhn and Indomenico cases as authority for construing Section 627.4132, Florida Statutes (1977), as restricting one such as Gregory Reynolds, an insured only under a single policy, to only such uninsured motorist coverage as was on the vehicle involved in the accident. Since in neither of those eases, nor in this case, was there any uninsured motorist insurance on the vehicle involved in the accident, that application and construction of the statute resulted in a denial of coverage to an insured. The statute was intended to prevent stacking, not to totally deprive an insured of all coverage. I think the Fifth District Court of Appeal, in Harbach v. New Hampshire Insurance Group, 413 So.2d 1216 (Fla. 5th DCA 1982), has construed the statute correctly (at page 1217):
In summary, Section 627.4132 applies to bar coverage only where multiple coverages are issued to the same- named insured; in such event, the policy describes which coverage will be available to the exclusion of all others. However, here, where there is only one uninsured motorist policy available to the appellant, the statute can create no bar to his recovery under that policy.
Although the uninsured motorist statute has been amended with some frequency since the Supreme Court decision in Mullís *198 v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla.1971), I have found nothing in the statutory changes since which would indicate any legislative intent to change the basic underlying public policy articulated in Mullís, i.e., that uninsured motorist coverage is intended to provide to every insured entitlement to recover for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance. Given that as a premise, the Mullís case made it clear that the statutorily fixed and prescribed protection was not to be reduced by the insurers’ policy exclusions and exceptions, and that a person in the first class of insureds (as was Richard Mul-lís in that case and as is Gregory Reynolds in this case) is “covered by uninsured motorist liability protection ... whenever or wherever bodily injury is inflicted upon him by the negligence of an uninsured motorist.” Could that language be made any more explicit? I doubt it. Gregory Reynolds, without question, would have had coverage had he been a pedestrian when struck by the uninsured motorist; likewise, there would have been no question of coverage had the motorcycle been borrowed from a stranger. How is it then, that the coverage which should follow him whenever and wherever he goes, can be denied him because of his. mode of transportation, i.e., his own uninsured motorcycle?
While this court has yet to recede from the line of decisions cited in the majority opinion, it has recently sought to limit or restrict the effect of them and to once again move toward the still viable principles enunciated in Mullis v. State Farm Mutual Automobile Insurance Co., supra. See Progressive American Insurance Co. v. Glenn, 428 So.2d 367 (Fla. 3d DCA 1983).

. Stacking of coverage is prohibited. — If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured’s or named insured’s vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicle shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.