GERSTEN, Judge.
Appellant, The Henhill Corporation, appeals a final summary judgment in favor of appellee, the State, on the State’s forfeiture action under the Florida Racketeer *336 Influenced and Corrupt Organization Act (RICO). §§ 895.01-09, Fla.Stat. (1989). We reverse and remand.
I.
The facts may be briefly stated. On April 3, 1989, Willie Holmes (Holmes) deeded his title to real property to appellant. On May 15, 1989, the State obtained an order from the criminal division of the circuit court authorizing a RICO lien notice against the real property that Holmes had deeded to appellant. This lien notice was authorized under section 895.05(12)(a), Florida Statutes (1989), of the RICO Act.
A lien notice under section 895.05(12)(a) is obtained as follows:
[T]he Department of Legal Affairs, the Office of the Statewide Prosecution, or the office of a state attorney may apply ex parte to a criminal division of a circuit court and, upon petition supported by sworn affidavit, obtain an order authorizing the filing of a RICO lien notice against real property upon a showing of probable cause to believe that the property was used in the course of, intended for use in the course of, derived from, or realized through conduct in violation of a provision of ss. 895.01-895.05.
The State’s section 895.05(12)(a) RICO lien notice was recorded on May 16, 1989.
The record owner of the property at the time the State’s section 895.05(12)(a) RICO lien notice was recorded, was Holmes. On May 17, 1989, appellant recorded its deed to the property and also recorded its satisfaction of a $37,000 mortgage on the property.[1]
On August 11, 1989, the State filed a civil RICO forfeiture action against Holmes and appellant. The State’s complaint alleged that Holmes was a front for a cocaine ring in violation of the Florida RICO Act, but did not allege any violation of the act by appellant. Also, on August 11, the State filed a notice of lis pendens on the property.
Accompanying the filing of its civil proceeding, the State could also have filed a section 895.07, Florida Statutes (1989) RICO lien notice. The State, however, chose to not take this action. Section 895.-07(1) provides in pertinent part:
Upon the institution of any civil proceeding, the investigative agency, then or at any time during the pendency of the proceeding, may file a RICO lien notice in the official records of any one or more counties.
Subsequently, appellant moved to discharge the lis pendens for failure to meet the requirements of the lis pendens statute. § 48.23, Fla.Stat. (1989). The trial court granted appellant’s motion and discharged the lis pendens. The State then filed an amended notice of lis pendens. Shortly thereafter, appellant filed its answer and affirmative defenses. Holmes did not respond to the action, and a default was entered against him.
Appellant then moved for summary judgment. Appellant argued, inter alia, that the State had lost its lien priority by failing to file a section 895.07 RICO lien notice within 90 days, as required by section 895.-05(12)(e), Florida Statutes (1989). The State also moved for summary judgment. The State’s motion was based on the fact that appellant’s deed was recorded after the State’s section 895.05(12)(a) RICO lien notice was recorded.
The trial court granted final summary judgment in favor of the State. It concluded that the State’s section 895.05(12)(a) RICO lien notice on the property gave the State a superior interest over appellant’s subsequently recorded deed. The court also granted a final default judgment against Holmes.
II.
Appellant’s primary contention on appeal is that the State lost its lien priority over appellant by the State’s failure to file a RICO lien notice under section 895.07 within 90 days of its section 895.05(12)(a) *337 notice, in accordance with the requirements of section 895.05(12)(e). According to appellant, the State’s lien priority relates back only to the date of the State’s filing its amended notice of lis pendens. See §§ 48.23, 895.05(2)(b), Fla.Stat. (1989).
The State responds that its lien interest relates back to the date it filed its section 895.05(12)(a) RICO lien notice, in the criminal division of the circuit court, on May 16, 1989, and that there is no requirement, under section 895.05(12)(e), for the State to file a section 895.07 RICO lien notice, within 90 days of the section 895.05(12)(a) notice. We heartily disagree.
Section 895.05(12)(e), specifically provides:
A lien notice secured under the provisions of this subsection is valid for a period of 90 days from the date the court granted authorization, ... unless a civil proceeding is instituted under this section and a lien notice is filed under s. 895.07, in which event the term of the lien notice is governed by s. 895.08.
In this case, the State filed a RICO lien notice under section 895.05(12)(a), on May 16, 1989 and, within 90 days, instituted a civil proceeding. The State, however, did not file a RICO lien notice under section 895.07 within 90 days.
By the plain wording of the subsection, therefore, the State’s lien priority lapsed because of the State’s failure to file a RICO lien notice under section 895.07 within 90 days. “[W]here the words used and the grammatical construction employed in a statute are clear and they convey a definite meaning, the legislature is presumed to have meant what it said and therefore, it is unnecessary to resort to the rules of statutory construction.” State Farm Mutual Automobile Insurance Company v. Kuhn, 374 So.2d 1079, 1080-1081 (Fla.3d DCA 1979); cert. denied, 383 So.2d 1197 (Fla.1980); State v. Howard, 510 So.2d 612 (Fla.3d DCA 1987), review denied, 520 So.2d 584 (Fla.1988).
The State would have us treat part of the language in section 895.05(12)(e), as mere surplusage. This we cannot do. As the Florida Supreme Court explained in Johnson v. Feder, 485 So.2d 409, 411 (Fla.1986), “[c]ourts are not to presume that a given statute employs ‘useless language’ see Pinellas County v. Woolley, 189 So.2d 217 (Fla.2d DCA 1966).
III.
Accordingly, we reverse the final summary judgment based on a holding that appellant’s recorded interest in the property was superior to the State’s interest.[2] Had the State followed the law and filed its section 895.07 RICO lien notice within 90 days, pursuant to the requirements of section 895.05(12)(e), the State’s lien priority over appellant would have been a fait ac-compli. The State failed to follow the law, however, and thus, it lost its priority against appellant. Having reversed the final summary judgment, we do not find it necessary to address the other points raised by appellant.
The final summary judgment is reversed and remanded for entry of judgment in favor of appellant.[3]

. We note that appellant’s deed was delivered for recording prior to the date the State filed its RICO lien under § 895.05(12)(a), Fla.Stat. (1989), but the deed was returned by the clerk for lack of a preparer's name.

. Had we ruled that appellant’s interest was not superior to the State’s interest, we would then have to address the issue of the State’s entitlement to a $37,000 windfall, which resulted from appellant's satisfaction of a mortgage on the property. The State’s position was that it was entitled to this windfall despite the fact that when it filed its § 895.05(12)(a) RICO lien notice, its interest was subject to the prior recorded interest of the mortgagee; and, appellant's satisfaction of that mortgage was undertaken without knowledge of the State’s RICO lien.

. Appellant also appeals the final default judgment entered against Holmes. We dismiss this appeal based on a holding that appellant lacks standing to appeal such judgment. Shanjim Publications, Inc. v. Haft, 179 So.2d 219 (Fla.2d DCA 1965).