374 So.2d 525 (1979)
David GILLETTE, Etc., et al., Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 55500.
Supreme Court of Florida.
July 27, 1979.
Rehearing Denied September 21, 1979.
Fredric G. Levin and Louis K. Rosenbloum of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for appellants.
C. Miner Harrell of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellee.
PER CURIAM.
This case is on appeal from a judgment of the Circuit Court of the First Judicial Circuit, in and for Escambia County, in which the court passed upon the constitutionality of section 627.4132, Florida Statutes (1977).[1] We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The question presented is whether, on its face, section 627.4132 is an unconstitutional infringement of the right of persons to freely contract. This question was expressly left open in Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978), which held that as applied in that case, the law unconstitutionally impaired a preexisting contractual right in violation of article I, section 10, Florida Constitution.
The appellants have cited cases in which "stacking" of coverage was permitted because the policy exclusions which purported to prohibit it were not authorized by statute. E.g., Tucker v. Government Employees Insurance Co., 288 So.2d 238 (Fla. 1973). These cases have no bearing on the question of the validity of a statute which prohibits the "stacking" of certain coverages. The *526 statute is a reasonable exercise of the state's undisputed authority to regulate the insurance industry in furtherance of the public welfare. See Manning v. Travelers Insurance Co., 250 So.2d 872 (Fla. 1971). We hold that it is constitutional.
The judgment of the circuit court is affirmed.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
NOTES
[1] 627.4132 Stacking of coverages prohibited.  If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.