376 So.2d 20 (1979)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Leonard James WIMPEE, Appellee.
No. 78-1713.
District Court of Appeal of Florida, Second District.
September 19, 1979.
Rehearing Denied October 26, 1979.
George A. McKendree of Miller, McKendree & Somers, Tampa, for appellant.
Robert Mettlebaum and Lee S. Damsker of Gordon & Maney, P.A., Tampa, for appellee.
RYDER, Judge.
State Farm appeals the summary judgment against it finding Wimpee entitled to uninsured motorist coverage. Appellant urges that the anti-stacking statute, Section 627.4132, Fla. Stat. (1977), prohibits uninsured motorist coverage for accidents occurring while the insured occupies another vehicle owned by him but not insured. We agree, and reverse.
On October 21, 1976, appellant State Farm issued an automobile liability insurance policy to appellee's father with uninsured motorist coverage. The policy described a 1972 Gremlin automobile. Appellee/plaintiff resided in his father's household, and was allegedly injured on August 13, 1977 when operating a 1976 Opel sedan, which was owned by him.
The policy provides that uninsured motor vehicle coverage does not apply "... (b) to bodily injury to an insured while occupying ... a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an owned vehicle." The policy goes on to define "owned motor vehicle" as the motor vehicle described in the declarations, with certain others not applicable here. *21 The 1976 Opel was not described in the policy and thus was not an owned motor vehicle.
On motion for summary judgment, the trial court found that the exclusionary clause above would not apply to preclude coverage, because the clause was contrary to public policy. Mullis v. State Farm Mutual Insurance Co., 252 So.2d 229 (Fla. 1971). The court in Mullis noted that every insured is entitled to recover for the damage he would have been able to recover, had the uninsured motorist maintained a policy of liability coverage. The trial court declared that uninsured motorist coverage existed, and entered summary judgment for appellee.
Appellant urges that the legislative intent controlling in Mullis v. State Farm, supra, and Tucker v. Government Employees Insurance Company, 288 So.2d 238 (Fla. 1973), which held a similar policy exclusion invalid, were invalidated by the anti-stacking statute, which provides:
If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.
Section 627.4132, Fla. Stat. (1977).
Appellee argues that uninsured motorist coverage is applicable to persons, not vehicles. See Section 627.727(3)(b), Fla. Stat. (1977). Thus, a restriction to coverage on a vehicle is without effect. Appellee further suggests that the anti-stacking statute only prevents stacking, and does not deal with basic coverage.
To find the provision in question ineffective because uninsured motorist coverage is personal coverage regardless of the vehicle would not only permit coverage under the facts below, but also would permit stacking when an insured vehicle was involved in an accident. We reject this interpretation as contrary to the manifest intent of the legislature as expressed in the statute. Section 627.4132 provides an insured is protected only to the extent of coverage he has on the vehicle involved in the accident. We are unable to interpret this other than to provide for no coverage when the insured has no coverage on the vehicle involved in the accident.
This does not transgress the policy controlling in Mullis, supra, and Tucker, supra. That policy was based on legislative enactment of the uninsured motorist statutes. Section 627.727, Fla. Stat. (1977). Changes in those statutes, such as enactment of the anti-stacking provision, reflect changes in legislative expression of public policy. This court is bound to follow those changes, regardless of prior expressions of legislative public policy. As our supreme court recently said, in upholding the constitutionality of Section 627.4132,
The appellants have cited cases in which "stacking" of coverage was permitted because the policy exclusions which purported to prohibit it were not authorized by statute. E.g., Tucker v. Government Employees Insurance Co., 288 So.2d 238 (Fla. 1973). These cases have no bearing on the question of the validity of a statute which prohibits the "stacking" of certain coverages. The statute is a reasonable exercise of the state's undisputed authority to regulate the insurance industry in furtherance of the public welfare. See Manning v. Travelers Insurance Co., 250 So.2d 872 (Fla. 1971).
Gillette v. State Farm Mutual Automobile Insurance Co., 374 So.2d 525 (Fla. 1979).
During the preparation of this opinion, our research revealed the presence of a decision of one of our sister courts reaching *22 the same conclusion expressed here,[1] with which we, of course, agree. Thus, we hold that no coverage existed under the above policy and facts for the injury complained of. The judgment is REVERSED with instruction to enter summary judgment for appellant State Farm.
SCHEB, Acting C.J., and OTT, J., concur.
NOTES
[1] State Farm Mutual Automobile Insurance Company v. Kuhn, 374 So.2d 1079 (Fla.3d DCA, 1979).