408 So.2d 772 (1982)
William H. HINES, Appellant,
v.
WAUSAU UNDERWRITERS INSURANCE COMPANY, Appellee.
No. 81-357.
District Court of Appeal of Florida, Second District.
January 13, 1982.
*773 Lee S. Damsker of Gordon & Maney, Tampa, and Anthony T. Martino of Peavyhouse, Giglio, Grant, Clark, Charlton & Opp, Tampa, for appellant.
Raymond T. Elligett, Jr., Joseph W. Clark and Charles P. Schropp of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellee.
OTT, Judge.
While driving his wife's car, which she separately owned and separately insured under a policy that included uninsured motorist coverage, appellant was seriously injured in a collision with an uninsured motorist. Appellant was an additional insured (not a named insured) under his wife's policy. His wife's insurer paid appellant uninsured motorist benefits to the limits of its policy. Appellant then sought additional benefits from appellee, the insurer of his separately owned vehicle under a separate policy which also included uninsured motorist coverage but provided:
Exclusions.
A. We do not provide uninsured motorist's coverage for bodily injury sustained by any person:
1. While occupying, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under this policy.
Appellee denied the claim and, upon the filing of this action, successfully moved to dismiss it on the ground that appellant had no uninsured motorist coverage under the policy because of the foregoing exclusionary *774 clause. In purported reliance upon the decision of this court in State Farm Mutual Automobile Insurance Co. v. Wimpee, 376 So.2d 20 (Fla.2d DCA 1979), the trial court dismissed the action with prejudice. We reverse.
One who purchases uninsured/underinsured motorist coverage thereby furnishes liability insurance to any uninsured/underinsured motorist who might thereafter injure any person covered as an insured under the policy. Dewberry v. Auto Owners Insurance Co., 363 So.2d 1077, 1081 (Fla. 1978); Kenilworth Insurance Co. v. Drake, 396 So.2d 836, 839 (Fla.2d DCA 1981). Consequently, uninsured motorist coverage is personal to an insured and differs from liability coverage in that it does not attach to a specific vehicle. A policy provision attempting to exclude coverage or limit it to injuries received in a particular vehicle is void as against public policy. Mullis v. State Farm, 252 So.2d 229 (Fla. 1971); Travelers Insurance Co. v. Spencer, 397 So.2d 358 (Fla. 1st DCA 1981); Lee v. State Farm Mutual Automobile Insurance Co., 339 So.2d 670 (Fla.2d DCA 1976), cert. denied, 348 So.2d 954 (Fla. 1977).
In Lee, upon facts and policy provisions virtually identical to those in the instant case, we held the "household member" exclusion unenforceable.
Appellee argues that Mullis is no longer valid,[1] in that the public policy upon which it (and its progeny) relied was repudiated by the legislature by the enactment of the so-called "anti-stacking" statute, section 627.4132, Florida Statutes (1976), and great reliance is placed upon State Farm v. Wimpee, supra. Appellant responds that the rationale of Wimpee was invalidated by South Carolina Insurance Co. v. Kokay, 398 So.2d 1355 (Fla. 1981), where the supreme court disapproved the reasoning of McLellan v. State Farm, 366 So.2d 811 (Fla. 4th DCA 1979), on which our sister court in the third district had relied in State Farm v. Kuhn, 374 So.2d 1079 (Fla.3d DCA 1979), which was an opinion upon which we, in turn, had relied in Wimpee.
As with any opinion, Wimpee has significance with respect to only its own particular facts. Young Wimpee, who resided with his father, was covered with uninsured motorist insurance under a policy issued to his father, in which only the father's car was listed. The son was injured (by an uninsured motorist) while driving his own car. We held that the son could not recover uninsured motorist benefits under his father's policy because the anti-stacking statute (§ 627.4132) specifically directs that "an insured is protected only to the extent of coverage he has on the vehicle involved in the accident." We interpreted that language to mean that since the son had no uninsured motorist coverage on his own car, he necessarily had no uninsured motorist coverage under his father's policy.
Whether our analysis and conclusion in Wimpee was right or wrong is of no consequence here. The case before us now involves separate policies, separate vehicles, and separate named insureds. The concluding sentence of section 627.4132 expressly exempts such situations from its purview. Justice England's wry comment in his concurring opinion in South Carolina Insurance Co. v. Kokay, supra, chronicles the judicial effort that was expended in convincing insurers that the statutory language simply means what it so simply states.
The trial court erred in concluding that appellant was barred from recovering benefits from his own insurer as well as from his wife's insurer. Accordingly, the judgment of dismissal is REVERSED and the case is REMANDED to the court below for further proceedings.
DANAHY, J., concurs.
RYDER, J., dissents.
NOTES
[1] Shortly before handing down its opinion in Kokay, our supreme court reviewed Mullis in United States Fidelity and Guaranty Co. v. Curry, 395 So.2d 530 (Fla. 1981). No intervening invalidity or weakness of Mullis was noted. While perhaps not conclusive of the issue broached here, such unqualified reference to Mullis approaches reaffirmation of its holding, or at least constitutes respectable dictum that the anti-stacking statute did not vitiate it.