425 So.2d 603 (1982)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Walter LEWIS and Rebecca N. Lewis, His Wife, Appellees.
No. 82-553.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
Rehearing Denied February 10, 1983.
*604 Frank W. Weathers of Weathers & Seaman, Lantana, for appellant.
Mikel D. Greene of Farish, Farish & Romani, West Palm Beach, for appellees.
ANSTEAD, Judge.
This is an appeal by State Farm of an order invalidating a provision of State Farm's policy with Lewis excluding uninsured motorist coverage when the insured is driving a car not insured under the policy.
Appellee Lewis insured his Buick with State Farm. This insurance included uninsured motorist coverage of $25,000. While driving his uninsured motorcycle Lewis was hit by a motorist with $10,000 liability coverage. State Farm claimed that while ordinarily Lewis would be entitled to coverage for the difference between the other motorist's liability coverage and Lewis' uninsured motorist coverage, no coverage was available for this accident because of an explicit policy provision stating: "There is no (uninsured motorist) coverage ... for bodily injury to an insured while occupying ... a motor vehicle owned by (the insured) ... if (the vehicle) is not insured for this coverage under this policy." The trial court disagreed and entered a judgment against State Farm for $15,000. State Farm, while acknowledging earlier case law invalidating a similar provision, asserts on appeal that section 627.4132, Florida Statutes (1976) has superseded the case law by specifically authorizing such limitations on uninsured motorist coverage.
In 1971, in Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), the Florida Supreme Court held that an exclusion nearly identical to that of the instant case was against the public policy expressed in section 627.0851, Florida Statutes (1971) and thus, invalid.
Whenever bodily injury is inflicted upon named insured or insured members of his family by the negligence of an uninsured motorist, under whatever conditions, locations, or circumstances, any of such insureds happen to be in at the time, they are covered by insured motorist liability insurance issued pursuant to requirements of Section 627.0851. They may be pedestrians at the time of such injury, they may be riding in motor vehicles of others or in public conveyances and they may occupy motor vehicles (including Honda motorcycles) owned by but which are not "insured automobiles" of named insured.
Uninsured motorist coverage or family protection is intended by the statute to protect the described insureds thereunder to the extent of the limits described in Section 324.021(7) "who are legally entitled to recover damages, namely those from owners or operators of uninsured motor vehicles because of bodily injury" and is not to be "whittled away" by exclusions and exceptions.
Id., at 233.
In 1976, the Florida Legislature enacted section 627.4132.
627.4132 Stacking of coverages prohibited.  If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available *605 only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds. (Emphasis supplied.)
State Farm argues that the first sentence of this statute repeals the public policy announced in Mullis. To support this contention, appellant cites a line of cases, all decided under section 627.4132, Florida Statutes (1976) and under policy exclusions similar to that in the instant case: Indomenico v. State Farm, 388 So.2d 29 (Fla. 3d DCA 1980); State Farm v. Wimpee, 376 So.2d 20 (Fla. 2d DCA 1979); State Farm v. Kuhn, 374 So.2d 1079 (Fla. 3d DCA 1979); Allstate Insurance Company v. Alvarez, 414 So.2d 224 (Fla. 3d DCA 1982); and McLellan v. State Farm Mutual Automobile Insurance Co., 366 So.2d 811 (Fla. 4th DCA 1979). We agree that most of these cases appear to support the proposition that section 627.4132 constitutes a legislative overruling of the holding in Mullis.
In McLellan the court construed the last sentence of section 627.4132, Florida Statutes (1976), an issue irrelevant here. However, in dictum Judge Downey stated, "The obvious purpose of the statute is to ... restrict an insured or named insured to the coverage contained in the policy covering the vehicle he was operating." Id., at 812. The holding in McLellan was subsequently overruled by the Supreme Court in South Carolina Insurance Co. v. Kokay, 398 So.2d 1355 (Fla. 1981).
In opposition to the cases relied on by appellant appellees cite Travelers Insurance Co. v. Spencer, 397 So.2d 358 (Fla. 1st DCA 1981); Hines v. Wausau Underwriters Insurance Co., 408 So.2d 772 (Fla. 2d DCA 1982); and Harbach v. New Hampshire Insurance Group, 413 So.2d 1216 (Fla. 5th DCA 1982). Each of these cases was decided while section 627.4132 was in effect and under policy exclusions similar to those in the instant case.
In Spencer, the court held that uninsured motorist coverage on a father's car covered him while driving his son's uninsured car, reasoning that the Mullis public policy argument controlled. The court did not mention section 627.4132 explicitly and perhaps did not consider whether that section manifested a changed expression of public policy.
In Hines, the insured was driving a car owned and insured by his wife. The wife's insurer paid uninsured motorist benefits, and the insured then tried to collect from his own uninsured motorist coverage as well. His coverage contained a clause precluding him from receiving benefits if he were driving a car owned by him or a family member but not insured under his policy. The court held that the public policy of Mullis survived the enactment of section 627.4132 and that the insurance company's purported exclusion was invalid. The court went on to state that "uninsured motorist coverage is personal to an insured and differs from liability coverage in that it does not attach to a specific vehicle. A policy provision attempting to exclude coverage or limit it to injuries received in a particular vehicle is void as against public policy." Id., at 774. If the holding in Hines is strictly construed, it merely holds that an insurance company cannot deny uninsured motorist coverage to an insured driving the separately insured car of his wife. Nonetheless, the language quoted above is clearly broad enough to void the exclusion in the instant case. The Hines court noted the conflict of this language with their earlier decision in Wimpee. They limited Wimpee to its facts, stating that "whether our analysis and conclusion in Wimpee was right or wrong is of no consequence here." Id., at 774.
In Harbach, the court held that parents' uninsured motorist coverage covered their son, an insured under the parents' policy, when he was driving his own uninsured car. Their rationale was that Mullis controlled. They interpreted Wimpee to conflict with South Carolina Insurance Co. v. Kokay, 398 So.2d 1355 (Fla. 1981), which they interpreted as holding that section 627.4132 solely *606 dealt with situations where more than one policy applied to an accident.
We believe the reasoning of the cases cited by appellees is more persuasive. It is true that section 627.4132 may be literally read to apply to the instant case. We, however, do not believe the legislature intended to overrule the public policy discussed in Mullis or the holding in that case. Rather, we believe the legislature was solely concerned with the situation where the insured may have more than one policy of uninsured motorist insurance, as in the case of his ownership and insurance coverage for several automobiles, and intended by the enactment of section 627.4132 to prevent the insured from "stacking" these various coverages, and, in the case where the insured is occupying one of his insured vehicles at the time of the accident, to limit his coverage to the coverage for that vehicle.[1]
Accepting appellant's basic contention, uninsured motorist coverage protects the insured if he is occupying his own insured car or any car, insured or not, that is not owned by him, or if he is not occupying any car at all. Such coverage, though, does not apply while he is occupying cars owned by him, but not insured by him. In our view it does not make sense for uninsured motorist coverage to attach to the insured everywhere except when he enters his own uninsured car. Such an exception would mean that the coverage follows the insured at some times, but follows the insured automobile at other times. Just as the Supreme Court rejected such an exception in Mullis, we reject such an exception here.
Accordingly, based upon the reasoning set out above, we affirm the decision of the trial court.
BERANEK and HURLEY, JJ., concur.
NOTES
[1] If the statute were meant to apply solely to true stacking situations, as we believe it is, we note that such intent could have been more clearly expressed by inserting the word "insured" before the word "vehicle" on line 6 of the statute. If that word were implied, as we believe it is, the statute would be internally consistent, it would apply only to classical stacking situations, and it would not conflict with Mullis.