439 So.2d 1383 (1983)
NEW HAMPSHIRE INSURANCE GROUP, Petitioner,
v.
David HARBACH, et al., Respondents.
No. 62226.
Supreme Court of Florida.
October 20, 1983.
Rehearing Denied December 19, 1983.
*1384 Janet R. DeLaura, of Smalbein, Eubank, Johnson, Rosier & Bussey, Rockledge, for petitioner.
Richard D. Dixon, Indialantic, and Eric Tilton, Tallahassee, for respondents.
Murray Sams, Jr., of Sams, Gerstein & Ward, and Marc Cooper of Greene & Cooper, Miami, for Richard Basten, amicus curiae.
A. Dan Killian, Jr. of Corlett, Killian, Hardeman, McIntosh & Levi, and Gerald E. Rosser, Miami, for Fireman's Fund Ins. Co., amicus curiae.
OVERTON, Justice.
This is a petition to review a decision of the Fifth District Court of Appeal reported as Harbach v. New Hampshire Insurance Group, 413 So.2d 1216 (Fla. 5th DCA 1982). We again must resolve conflicts in the interpretation of section 627.4132, Florida Statutes (Supp. 1976). The question now before us concerns the validity of an exclusion in an automobile insurance policy which denies uninsured motorist coverage to an insured who is injured while operating his own uninsured motor vehicle. The district court of appeal held that the uninsured motorist statute in existence at the time this case arose prohibited this type of exclusion in an insurance contract. We find direct conflict with Allstate Insurance Co. v. Alvarez, 414 So.2d 224 (Fla. 3d DCA 1982); Indomenico v. State Farm Mutual Automobile Insurance Co., 388 So.2d 29 (Fla. 3d DCA 1980); State Farm Mutual Automobile Insurance Co. v. Wimpee, 376 So.2d 20 (Fla. 2d DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980); and State Farm Mutual Automobile Insurance Co. v. Kuhn, 374 So.2d 1079 (Fla. 3d DCA 1979). A decision consistent with the district court's decision in the instant case is State Farm Mutual Automobile Insurance Co. v. Lewis, 425 So.2d 603 (Fla. 4th DCA 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We disapprove the decision of the district court and find that section 627.4132, Florida Statutes (Supp. 1976), permitted an exclusion from uninsured motorist coverage for bodily injury suffered by an insured while operating a motor vehicle which he or she owned but which was not insured under the policy on which a claim was made.
The facts reflect that respondent, David Harbach, was a resident in his parents' household. David was injured in an automobile accident while driving his personal vehicle, which was uninsured. Because the other motorist involved in the accident was underinsured, David made a claim against the uninsured motorist provision of his parents' automobile insurance policy. His parents' policy provided uninsured motorist coverage to David as a family member. An exclusion contained in the policy provided that uninsured motorist coverage did not apply to the injuries suffered by persons "while occupying, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under this policy." (Emphasis added.) On the basis of this exclusion, the petitioner insurance company denied coverage for David's injuries.
The trial court, relying on State Farm Mutual Automobile Insurance Co. v. Wimpee, 376 So.2d 20 (Fla. 2d DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980), found the exclusion valid. The district court reversed, holding that this type of exclusion was deemed invalid by this Court in Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971). In Mullis we held that an insured under a policy was entitled to uninsured motorist protection "whenever or wherever bodily injury is inflicted upon him by the negligence of an uninsured motorist." Id. at 238 (emphasis in original). The district court also determined that section 627.4132, Florida Statutes (Supp. 1976), which was enacted subsequent to the Mullis decision, was not controlling in this case and only prohibited stacking where multiple coverages were available.
*1385 If the issue of coverage was determined solely by the terms of his parents' policy, the respondent would not be covered because of the exclusion in issue. The question here, however, is whether Florida's statutory provisions permit this type of exclusion. We must determine whether the legislature, by enacting section 627.4132 in 1976, intended to change the rule set by this Court in Mullis in 1971. Section 627.4132, Florida Statutes (Supp. 1976), reads as follows:
Stacking of coverages prohibited.  If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.
(Emphasis added.) It is important to note that our decision is of limited applicability since this statute was amended in 1980 to omit reference to uninsured motorist protection. Ch. 80-364, Laws of Fla.
Petitioner contends that section 627.4132, as it read between 1976 and 1980, is controlling in this case. It is asserted that a major purpose of the statute was to prevent an insured from purchasing one insurance policy to cover one vehicle and then also obtaining coverage on another vehicle regularly used in the insured's household without the necessity of paying a premium. Petitioner argues that our decision in Mullis does not control in this case because the legislature invalidated the rule in Mullis when section 627.4132 was enacted in 1976. According to petitioner, the adoption of this statute represented a shift in legislative policy from broadening uninsured motorist protection to restricting such protection to vehicles specifically identified in an insurance policy.
Respondent argues, on the other hand, that the scope of the uninsured motorist protection as defined by section 627.727 and interpreted by our decision in Mullis was not changed by the enactment of section 627.4132 in 1976. Further, respondent claims that our decision in South Carolina Insurance Co. v. Kokay, 398 So.2d 1355 (Fla. 1981), interpreting section 627.4132 as barring coverage where multiple coverages are issued to the same named insured, also held that the only purpose of that statute was to prohibit the stacking of multiple coverages. Therefore, respondent contends, since this is not a multiple coverages case, section 627.4132 is not applicable here.
We conclude that section 627.4132, as written when this action arose, had two purposes. First, the statute limited an insured to the coverage contained in the policy covering the vehicle involved in the accident. Second, the statute prohibited the stacking of coverages. We concur with the reasoning of the Second District Court of Appeal in Wimpee. Section 627.4132, Florida Statutes (Supp. 1976), provides that an "insured is protected only to the extent of the coverage he has on the vehicle involved in the accident." As the court in Wimpee said, "[w]e are unable to interpret this other than to provide for no coverage when the insured has no coverage on the vehicle involved in the accident." 376 So.2d at 21. We also agree with the Wimpee court's conclusion that Mullis does not control in this circumstance because it was based on section 627.727, Florida Statutes (1971), the uninsured motorist statute. The Third District Court of Appeal came to the same conclusion in State Farm Mutual Automobile Insurance Co. v. Kuhn, 374 So.2d 1079 (Fla. 3d DCA 1979). In addition, the legislative staff analysis of the 1980 amendment of section 627.4132 states, in part, that, under the 1976 version of the statute,
the first sentence ties UM coverage to the particular vehicle insured under a policy. Thus if a person owned two cars but *1386 only carried UM coverage on one car, he would have no coverage if injured in his car which was not covered on the policy containing UM coverage. However, the second sentence permits recovery under any applicable policy when the person is injured in someone else's car. Thus the injured person can recover under his own policy when injured in a friend's car which is uninsured but cannot recover under his own policy when injured in his own car which is not covered by his UM policy.
House Committee on Insurance, Bill Analysis for House Bill 1315, chapter 80-364, Laws of Florida: Florida State Archives RG 920, Series 19, Box 532, file HB 1315.
We reject the district court's conclusion that our decision in Kokay limited the applicability of section 627.4132 to situations involving the stacking of multiple coverages. Kokay involved a factual situation different from that in the instant case and our decision rested solely on our interpretation of the last sentence of the statute, which refers to the stacking of multiple coverages. Here, we are concerned with an interpretation of the first sentence of section 627.4132.
Although we recognize that there may be a basis for disagreement on how section 627.4132 was intended to operate, we find that the reasoning of the Second District Court of Appeal in Wimpee and the Third District Court of Appeal in Kuhn should prevail. We conclude that the exclusion in the respondent's parents' policy is valid and that under section 627.4132, as written between 1976 and 1980, there is no uninsured motorist protection when the vehicle involved in an accident was not covered by the insurance policy on which the uninsured motorist claim is made.
For the reasons expressed, we quash the decision of the district court and direct reinstatement of the trial court judgment.
It is so ordered.
ALDERMAN, C.J., and BOYD, EHRLICH and SHAW, JJ., concur.
McDONALD, J., concurs in result only.
ADKINS, J., dissents.