OTT, Chief Judge.
Appellant’s second amended complaint alleged that while riding his own uninsured motorcycle he sustained injuries in excess of the underinsured tortfeasor’s liability limits. The accident occurred prior to the effective date of chapter 80-364, Laws of Florida, which rendered the “anti-stacking” statute, section 627.4132, Florida Statutes (1979), inapplicable to uninsured/underin-sured motorist coverage. Appellant, a resident relative of his step-father’s household, sued appellee, his step-father’s insurer, to collect uninsured/underinsured motorist benefits. The complaint was dismissed with prejudice, the trial court specifying no grounds for the dismissal.
The policy excluded from uninsured motorist coverage “bodily injury to an insured person while occupying an auto that is owned by you or any resident relative but is not an insured auto under this coverage.” Appellant argues that such an exclusion was prohibited by the uninsured motorist statute in effect when this case arose. The Florida Supreme Court recently decided to the contrary, holding that section 627.4132, Florida Statutes (Supp.1976), permitted such an exclusion. New Hampshire Insurance Group v. Harbach, No. 62,226, 439 So.2d 1383 (Fla.1983). The supreme court stated:
We concur with the reasoning of the Second District Court of Appeal in [State Farm Mutual Automobile Insurance Co. v.] Wimpee [376 So.2d 20 (Fla. 2d DCA 1979)]. Section 627.4132, Florida Statutes (Supp.1976), provides that an “insured is protected only to the extent of the coverage he has on the vehicle involved in the accident.” As the court in Wimpee said, “[w]e are unable to interpret this other than to provide for no coverage when the insured has no coverage on the vehicle involved in the accident.” 376 So.2d at 21.
439 So.2d at 1385.
We need not decide the validity of the policy definition of “insured” pertinent to the uninsured motorist coverage which excludes from that coverage any insured while occupying a motorcycle. The end result would remain the same — appellant is not insured under his step-father’s uninsured motorist coverage.
The decision of the trial court is AFFIRMED.
HOBSON and DANAHY, JJ., concur.