PER CURIAM.
This appeal concerns stacking of uninsured motorist coverage under Section 627.4132, Florida Statutes (1980).
On May 19, 1981, appellee Joel Trombley was operating his employer’s vehicle when it collided with the vehicle of an uninsured motorist. He filed a claim for uninsured motorist benefits under his employer’s fleet automobile insurance policy requesting the stacking of coverage by combining together the coverage on the number of vehicles which were covered under the employer’s policy. The insurance company refused to stack. Thereafter, appellee brought a cause of action for declaratory relief to determine the amount of coverage. The trial court found that Section 627.4132, Florida Statutes (1980), permitted stacking of uninsured motorist coverage and found that appellee was entitled to stack the uninsured motorist benefits under his employer’s insurance policy to the extent of the number of vehicles covered for a total of $800,000.
In a recent opinion this court determined that the legislature did not intend to abol *710 ish existing case law on classification of insureds by its enactment of Section 627.-4132, Florida Statutes (1980). American States Insurance Co. v. Kelley, 446 So.2d 1085 (Fla. 4th DCA 1984).
A review of the insurance policy sub judice shows that the employee was a class two insured who operated the vehicle with the employer’s permission and was not a named insured. Therefore the trial court erred in directing that the employer’s multiple coverages be stacked to allow the employee to aggregate coverage of $800,-000 rather than $100,000, the amount of the uninsured motorist coverage on the vehicle involved in the accident. Accordingly, we reverse and remand the cause for the trial court to correct the final judgment.
REVERSED AND REMANDED.
DOWNEY, LETTS and DELL, JJ., concur.