469 So.2d 138 (1985)
AUTOMOBILE INSURANCE CO. OF HARTFORD, CONNECTICUT, Appellant,
v.
William Bruce BEEM, Appellee.
No. 84-1006.
District Court of Appeal of Florida, Third District.
January 2, 1985.
*139 Ress, Gomez, Rosenberg & Howland and Steven A. Edelstein, North Miami, for appellant.
Colson, Hicks & Eidson and Mary Friedman, Miami, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
In this appeal from an order of summary final judgment entered against appellant Automobile Insurance Company of Hartford (Hartford) we are asked to decide the validity and enforceability of an exclusionary provision contained in a personal auto insurance policy issued by Hartford. The specific provision stated that the company "[did] not provide Uninsured Motorist Coverage for bodily injury sustained by any person while occupying, or when struck by any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under this policy."
The undisputed facts are that on May 3, 1982, while the subject policy was in force, Beem, who resided in his father's household, owned and operated a motorcycle which was involved in an accident with an underinsured motor vehicle. The motorcycle was registered in the State of Arizona and was not an insured vehicle under the subject policy. Beem settled his claim against the owner of the underinsured vehicle for the applicable $10,000 policy limits. Thereafter, Beem sought to obtain uninsured/underinsured motorist benefits for his injuries from his father's policy and his father's insurer, Hartford. The policy provided uninsured motorist benefits for damages up to $100,000. Hartford denied coverage and refused arbitration. Hartford then filed a complaint for declaratory judgment, alleging that by virtue of the exclusion the policy did not afford coverage to a family member operating an owned vehicle which was not insured under the subject policy. Beem answered, asserting that he was entitled to uninsured motorist benefits without regard to the ownership of the vehicle that he was operating at the time of the accident, or whether the vehicle was insured under Hartford's policy. Cross-motions for summary judgment were filed and the trial court entered summary final judgment for Beem, and directed Hartford to submit to arbitration.
The uninsured motorist statute applicable at the time of this accident was section 627.727, Florida Statutes (1981). It reads, in pertinent part, as follows:
(1) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. However, the coverage required under this section shall not be applicable when, or to the extent that, any insured named in the policy shall reject the coverage ...
(3) ... [T]he term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof: ...
(b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under uninsured motorist's coverage applicable to the injured person.
The public policy of the uninsured motorist statute is to provide uniform and specific insurance benefits to members of the public to cover damages for bodily injuries caused by the negligence of uninsured/underinsured motorists. Mullis v. State Farm Mutual Automobile Insurance *140 Co., 252 So.2d 229 (Fla. 1971). As stated by the supreme court,
[u]ninsured motorist coverage or family protection is intended by the statute to protect the described insureds thereunder to the extent of the limits described, ... `who are legally entitled to recover damages, namely those from owners or operators of uninsured motor vehicles because of bodily injury' and is not to be `whittled away' by exclusions and exceptions.
Id. at 233.
Mullis distinguished two groups of persons entitled to uninsured motorist protection. The first class was composed of the insured, his spouse and family members residing in the insured's household. The second class comprised unrelated persons occupying the insured vehicle with the insured's consent. The first group was declared to be covered by uninsured motorist coverage whenever and wherever bodily injury was inflicted by the negligence of an uninsured motorist. Id. at 238. There is no question in the instant case that Beem is a class one insured under his father's policy. Curtin v. State Farm Mutual Auto Insurance Co., 449 So.2d 293 (Fla. 5th DCA 1984).
The exact exclusion that is contained in the Hartford policy was disallowed by the Florida Supreme Court in Mullis. This exclusion remained invalid until the legislature enacted section 627.4132, Florida Statutes (Supp. 1976) (the "anti-stacking statute"), thereby changing the public policy, as expressed by the legislature. State Farm Mutual Auto Insurance Co. v. Wimpee, 376 So.2d 20 (Fla. 2d DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980). Section 627.4132, Florida Statutes (Supp. 1976) had two purposes: firstly, it limited an insured to coverage contained in the policy covering the vehicle involved in the accident and secondly, it prohibited the stacking of coverages. State Farm Mutual Auto Insurance Co. v. Kuhn, 374 So.2d 1079 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1197 (Fla. 1980). Thus, exclusions such as the one here were valid under this statute and no uninsured motorist protection was afforded to persons when the vehicle involved in the accident was not covered by the insurance policy on which the uninsured motorist claim was made. New Hampshire Insurance Group v. Harbach, 439 So.2d 1383 (Fla. 1983). The Harbach decision, however, had limited applicability since the statute was amended in 1980 to omit reference to uninsured motorist protection. Id. at 1385; Ch. 80-364, Laws of Fla.
We are now presented with the same factual situation as set forth both in Mullis and in Harbach, but without the impediment of section 627.4132 applying to uninsured motorists. § 627.4132, Fla. Stat. (Supp. 1980). Appellant contends that the public policy behind Mullis was changed with the passage of section 627.4132, Florida Statutes (Supp. 1976), and as amended in 1980, so that instead of uninsured motorist protection following people, it attached to the specifically insured or identified motor vehicle. As support therefor, the appellant refers us to House Bill 319 [Ch. 84-41, Laws of Fla.], which amends section 627.727(1), Florida Statutes (1983). The amendment, effective October 1, 1984, is the same as the present statute except that it provides that "no motor vehicle liability insurance policy shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered... ." Ch. 84-41, Laws of Fla. (emphasis in original; text additions).
Appellant urges that even though this amendment post-dates Beem's accident, it was intended to clarify the legislature's previous actions and should be considered in construing the relevant provision of section 627.4132, Florida Statutes (Supp. 1980). We are unpersuaded that the new section 627.727, Florida Statutes (Supp. 1984) intended to clarify section 627.4132, Florida Statutes (Supp. 1980). While we agree with the appellant that subsequent enactments of the statute can be considered in interpreting the present statute, Ivey v. Chicago Insurance Co., 410 So.2d 494 *141 (Fla. 1982); Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788 (Fla. 1952), we do not feel it is necessary here. Chapter 84-41, Laws of Florida [§ 627.727(2), Fla. Stat. (Supp. 1984)], states that "[t]his act shall take effect October 1, 1984, and shall apply to new and renewal policies with an effective date on or after such date." We feel that this is an expressed legislative intent that application of this law be prospective. A law is presumed to operate prospectively in the absence of a clear legislative expression to the contrary. Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977). The general rule is that a statute speaks from the time it goes into effect. Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978).
Section 627.727, Florida Statutes (1981) requires that uninsured motorist coverage be included on all policies delivered or issued for delivery in Florida for the benefit of those insured thereunder. The only exception permitted by the statute is where any insured named in the policy shall reject the coverage. The named insured herein did not reject the statutory coverage. See Curtin v. State Farm Mutual Auto Insurance Co., supra; Hines v. Wausau Underwriters Insurance Co., 408 So.2d 772 (Fla. 2d DCA 1982); Travelers Insurance Co. v. Spencer, 397 So.2d 358 (Fla. 1st DCA 1981).
For the reasons stated we hold that the trial court did not err in entering a summary final judgment in favor of Beem and against Hartford.
Affirmed.