ORFINGER, Judge.
We reverse the summary judgment in favor of appellee on the authority of New Hampshire Insurance Group v. Harbach, 439 So.2d 1383 (Fla.1983). At issue here, as in Harbach, is the interpretation of section 627.4132, Florida Statutes (the anti-stacking statute) for uninsured motorist coverage, as the statute existed between 1976 and October 1, 1980. Although Bradford Brandon was a resident of his father James Brandon’s household, and thus an additional insured under James’ liability policy, Bradford's automobile was not insured under James’ policy, and that policy specifically excluded from uninsured motorist coverage bodily injury “sustained by any person while occupying any motor vehicle owned by ... a family member which is not insured for coverage under this policy.” This was a valid provision under the statute in question. Therefore, Brandon did not have uninsured motorist coverage under his father’s policy, because he was driving his own automobile when he was injured, and Dixie Insurance Company, which insured Bradford Brandon, cannot seek pro-rata contribution from United Services Automobile Assoc., which insured James Brandon. The judgment is reversed with directions to enter judgment for United Services.
REVERSED.
COBB, C.J., and SHARP, J., concur.