BASKIN, Judge.
Rigoberto Hurtado and Susana Hurtado, his wife, appeal a final summary judgment in favor of Florida Farm Bureau Casualty Company [FFB] denying them the right to stack uninsured motorist coverage. We reverse.
Rigoberto Hurtado sustained severe injuries when a vehicle driven by Jose Arauz, an uninsured motorist, struck his automobile. Hurtado was driving a vehicle owned by his employer, Miranda Groves & Nurseries, Inc., [Miranda] and provided Hurta-do for his personal use as part of his employment compensation.[1] Miranda carried uninsured motorist coverage with FFB on Hurtado’s vehicle and ten other vehicles, paying a separate premium for each vehicle. Hurtado instituted an action against FFB seeking a declaratory judgment entitling him to stack the uninsured motorist coverage on each of the eleven vehicles. In another count, Hurtado sued Arauz for damages for his injuries.[2] Both Hurtado and FFB asked for summary judgment on the declaratory judgment count. The trial court granted FFB’s motion and denied Hurtado’s motion. Hurtado appeals.
Initially, Florida courts permitted the stacking of insurance coverage. See Sell *613 ers v. United States Fidelity & Guaranty Co., 185 So.2d 689, 692 (Fla.1966) (the beneficiary of three automobile insurance policies may recover under each policy). Then, as now, the beneficiaries of uninsured motorist coverage were divided into two distinct classes. Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla.1971). The first class consisted of the named insured on the policy and any family members who resided in the named insured’s household. Mullis, 252 So.2d at 238; see also, Coleman v. Florida Ins. Guaranty Assoc., 517 So.2d 686 (Fla.1988) (utilizing class distinction language to categorize insured). Class one members were able to stack uninsured motorist coverage by virtue of their relationship to the named insured because the courts assumed that the named insured purchased the coverage on each of the several insured vehicles with the intention of securing additional protection for family members. Mullis; Travelers Ins. Co. v. Pac, 337 So.2d 397 (Fla. 2d DCA 1976), cert. denied, 351 So.2d 407 (Fla.1977).
The second class of insureds consisted of any person, other than a family or household member, who was eligible for coverage by virtue of being injured while lawfully occupying the insured vehicle. Mullis, 252 So.2d at 238. These individuals were not allowed to stack uninsured motorist coverage because courts reasoned that the insured would not purchase additional protection merely to benefit a guest or third party non-family member, and the additional coverage on other vehicles should not inure to benefit members of this class. Pac. An employee driving or using an employer’s vehicle, or a corporate officer driving a vehicle insured by the corporation, was not allowed to stack uninsured motorist coverage. Liberty Mut. Ins. Co. v. Trombley, 445 So.2d 709 (Fla. 4th DCA 1984) (employee driving employer’s vehicle is a class two insured, not eligible to stack fleet coverage); American States Ins. Co. v. Kelley, 446 So.2d 1085 (Fla. 4th DCA), review denied, 456 So.2d 1181 (Fla.1984) (two sole stockholders of closely held corporation are class two insureds where the named insured on the policy is the corporation); see also, Pac (person who achieves status as insured by driving his employer’s vehicle may not stack employer’s insurance coverage); but see, State Farm Fire & Casualty Co. v. Polgar, 551 So.2d 549 (Fla. 4th DCA 1989) (where partnership policy lists both partners and the partnership as named insured the partners are class one insureds and may not be denied uninsured motorist coverage).
In 1976, the Florida legislature adopted section 627.4132, Florida Statutes (1976), prohibiting the stacking of any form of insurance coverage, but in 1980, the statute was amended and the prohibition repealed. § 627.4132, Fla.Stat. (1980). Once again, stacking of uninsured motorist coverage was allowed. Courts again utilized the class distinction among insureds to determine the extent of coverage. Automobile Ins. Co. of Hartford, Conn. v. Beem, 469 So.2d 138 (Fla. 3d DCA 1985); Auto-Owners Ins. Co. v. Prough, 463 So.2d 1184 (Fla. 2d DCA 1985); State Farm Mut. Auto. Ins. Co. v. Lewis, 425 So.2d 603 (Fla. 4th DCA 1982); see also, Lumbermens Mut. Cas. Co. v. Martin, 399 So.2d 536 (Fla. 3d DCA), review denied, 408 So.2d 1094 (Fla.1981); Trombley.
The statute permitting stacking was in effect in 1987 when the events in the case before us transpired. Analyzing the circumstances, we conclude that Hurtado is not properly classified as a “class one” insured: he is not the named insured, and may not be considered a resident family member because, as this court has previously determined, a “corporation can have no such relative.” Pearcy v. Travelers Indem. Co., 429 So.2d 1298 (Fla. 3d DCA), review denied, 438 So.2d 833 (Fla.1983). Thus, the presumption that the named insured meant to purchase additional protection for Hurtado does not attach. Travelers Ins. Co. v. Pac, 337 So.2d 397 (Fla. 2d DCA 1976).
Additionally, Mr. Hurtado is not properly categorized as a “class two” insured: he was not a guest at the time of the accident, and he was not merely an employee using *614 his employer’s vehicle. Hurtado was the regular, full-time user of the vehicle Miranda furnished' him for his, and his family’s, regular uninterrupted use while he remained Miranda’s employee.
Those findings do not conclude the analysis, however. Hurtado is in the class of individuals the Senate Statement[3] contemplated would benefit from the 1980 amendment to section 627.4132. The Senate Statement explains that the effect of the proposed amendment is to revive prior case law determining the extent of uninsured motorist insurance coverage, Senate Statement at 1, and reports that, for the public, the most significant impact of the amendment is that “commercial vehicle fleets would have UM [uninsured motorist] coverage multiplied by as many vehicles covered by the policy.”[4] Senate Statement at 2, Although the House Analysis[5] also states that the bill revives prior case law, House Analysis at 2, it does not discuss the effects of the amendment on uninsured motorist coverage. The Senate Statement provides a more complete analysis of the effect of section 627.4132, Florida Statutes (1980), which is identical to section 627.-4132, Florida Statutes (1987), in effect at the time of this accident. We are persuaded by its conclusions.
We therefore hold that Hurtado falls within the class of insureds expressly deemed to benefit from the 1980 amendment to section 627.4132, allowing the stacking of uninsured motorist coverage. We hold further that Miranda purchased uninsured motorist insurance with the full knowledge that Hurtado would use the vehicle full time, and, just as a named insured purchases coverage to benefit family members, Miranda purchased insurance to benefit Hurtado.[6] For these reasons we reverse the trial court’s finding that Hurtado may not stack uninsured motorist coverage provided by FFB on Miranda’s eleven vehicles, and remand for further proceedings.
Reversed and remanded.

. Miranda paid all maintenance, repair, and registration expenses associated with the use of Hurtado's vehicle. Hurtado’s compensation also included full use of a mobile home trailer located on Miranda's property, on which Miranda paid all electrical expenses. Both the vehicle and the home were used by Hurtado’s family with Miranda's knowledge and consent.

. Susana Hurtado joined her loss of consortium claims to both counts of the complaint. Count II remains pending.

. Legislature of the State of Florida, Senate Staff Analysis and Economic Impact Statement (1980).'

. An additional consequence of stacking fleet coverage is to increase the cost of uninsured motorist coverage by fifteen percent. Senate Statement at 2. It is likely that this factor is considered by insurance companies in computing uninsured motorist coverage costs for commercial vehicle fleets.

. Legislature of the State of Florida, House Committee on Insurance, Bill Analysis HB 1315 (1980).

. Our holding today does not conflict with American States Ins. Co. v. Kelley, 446 So.2d 1085 (Fla. 4th DCA), review denied, 456 So.2d 1181 (Fla.1984), or Liberty Mat. Ins. Co. v. Trombley, 445 So.2d 709 (Fla. 4th DCA 1984), as we are not categorizing Hurtado within either "class one” or "class two." Hurtado may stack because the commercial vehicle fleet uninsured motorist coverage on his vehicle may be "multiplied by as many vehicles [sic] covered by the policy.” Senate Statement at 2.