333 So.2d 497 (1976)
STANDARD MARINE INSURANCE COMPANY, a Corporation, Appellant,
v.
William E. ALLYN, Appellee.
No. Z-174.
District Court of Appeal of Florida, First District.
June 23, 1976.
Jeffry D. Dunn of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellant.
David M. Wiesenfeld and John J. Sulik of Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, for appellee.
RAWLS, Judge.
Appellee Allyn, a pedestrian, was struck and severely injured by an uninsured Hodaka motorcycle. A claim was timely filed by Allyn with his insurer, appellant Standard, for damages pursuant to the uninsured motorist provision of his policy. Standard denied the claim. The trial judge, in the instant suit filed by Allyn, instructed the jury:
"... as a matter of law that the defendant [appellant], the Standard Marine Insurance Company, a corporation, is liable for all sums which Mr. Allyn [appellee], the insured, it's [sic] insured, shall be legally entitled to recover as damages from the owner-operator of the uninsured motorcycle because of bodily injury or damage sustained by the plaintiff [appellee], or caused by the accident. *498 However, this is only up to $10,000, for the limits of the defendant's liability under the terms of its insurance policy is $10,000 and, therefore, plaintiff can recover no more than that amount, regardless of his damages."
Judgment was entered upon a jury verdict of $10,000; hence this appeal.
The sole issue is whether or not a motorcycle is an uninsured motor vehicle within the terms of an insurance policy issued by appellant Standard to appellee Allyn.
Part IV entitled "Protection Against Uninsured Motorists" of the subject insurance policy as initially issued provided:
"COVERAGE J  UNINSURED MOTORISTS (DAMAGES FOR BODILY INJURY). To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile ... caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile... ."
After the Florida Automobile Reparations Reform Act was passed by the Florida legislature, Standard amended the subject insurance policy as follows:
"UNINSURED MOTORIST COVERAGE AMENDMENT
"It is agreed that the term `uninsured automobile' is changed to `uninsured motor vehicle'."[1]
Standard urges that, as its policy now reads, only one definition of the term "motor vehicle" appears in same which is found in Section I under the caption of "Personal Injury Protection", viz:
"... `motor vehicle' means a 4 wheel self-propelled vehicle of a type required to be registered and licensed under Florida law, which is not used as a public or livery conveyance, and which is one of the following types:
"(a) a private passenger vehicle, such as a sedan, station wagon or jeep-type vehicle,
"(b) a pick-up or panel truck not used primarily in the occupation, business or profession of the owner
"(c) a utility automobile designed for personal use, as a camper or motor home or for family recreational purposes but a utility automobile does not include any such automobile used primarily (1) in the occupation, profession or business of the owner or (2) for the transportation of passengers."[2]
The rationale of Standard is that its "PIP" definition of "motor vehicle" clearly excludes two-wheeled vehicles such as the uninsured motorcycle in the instant case. To apply such definition to the separate coverage of uninsured motorist, as Standard urges, would exclude the following defined vehicles from uninsured motorist coverage:
1. A 4 wheel vehicle which is used as a public or livery conveyance.
2. A pickup or panel truck used primarily in the occupation, business or profession of the owner.
3. Any truck other than a pickup or panel truck.
4. A utility automobile (as a camper or motor home) which is used primarily (1) in the occupation, profession or business of the owner or (2) for the transportation of passengers.
5. A vehicle owned by the State of Florida, any political subdivision or municipality thereof, or the federal government.

*499 6. Other motor vehicles which have not been categorized.
To accept the foregoing exclusions as defined by Standard would be to emasculate the public policy of this state.
We do not perceive that the legislature, by enacting the Florida Automobile Reparations Reform Act,[3] intended to exclude those motor vehicles enumerated above from the umbrella of uninsured motorists. The statutory definition of a "motor vehicle" found in the Financial Responsibility Act[4] is far more consonant with the public policy of this state as to uninsured motorist than the "PIP" definition in the instant policy, viz:
"(1) Motor vehicle.  Every self-propelled vehicle which is designed and required to be licensed for use upon a highway, including trailers and semi-trailers designed for use with such vehicles (except traction engines, road rollers, farm tractors, power shovels, and well drillers) and every vehicle which is propelled by electric power obtained from overhead wires but not operated upon rails."
This state's public policy has historically required financial responsibility of those operating motor vehicles upon its public streets and highways. In Davis v. United States Fidel. & G. Co. of Baltimore, Md.,[5] this court held that the uninsured motorist statute establishes a public policy that every insured is entitled to recover under their policy for the damages he or she would have been able to recover against the offending motorist if that motorist had maintained a policy of liability insurance. Standard, citing Dorrell v. State Fire and Casualty Company,[6] argues that it is well settled "in interpreting an automobile insurance policy the courts have followed the definitions given in the policy itself." Such contention is well settled where the definition given is applicable to the coverage assumed and if not contrary to statutory limitations and requirements. However, as stated in Standard Accident Insurance Company v. Gavin, supra:
"... `It is well settled in this State that where a contract of insurance is entered into on a matter surrounded by statutory limitations and requirements, the parties are presumed to have entered into such agreement with reference to the statute, and the statutory provisions become a part of the contract. .. .'" (quoting from the trial judge's opinion)
Finally, Standard cites Valdes v. Prudence Mutual Casualty Company[7] as being dispositive of the issue. There, the Third District Court of Appeal, in construing that particular insurance policy, held that a motorcycle was not an owned automobile within the exclusionary provision of the policy. Here, we are concerned with a policyholder that has paid a premium for uninsured motorist coverage. As we construe the term "uninsured motorist", such includes a motor vehicle being operated upon the public streets and highways of this state. Allyn, the insured, was struck down by such a motor vehicle. If our construction is in conflict with Valdes, supra, then so be it.
The judgment appealed is AFFIRMED.
BOYER, C.J., and McCORD, J., concur.
NOTES
[1] It is noted at the outset that the uninsured motorist statute, F.S. 627.727, is not a part of the Florida Automobile Reparations Reform Act, F.S. 627.730-627.741.
[2] This definition is markedly similar to the definition of "motor vehicle" in the Florida Automobile Reparations Reform Act, F.S. 627.732.
[3] Florida Statutes 627.730-627.741.
[4] Florida Statute 324.021(1).
[5] Davis v. United Fidel. & G. Co. of Baltimore, Md., 172 So.2d 485 (Fla.App. 1st 1965). See also Standard Accident Insurance Company v. Gavin, 184 So.2d 229, 24 A.L.R.3d 1359, (Fla.App. 1st 1966).
[6] Dorrell v. State Fire and Casualty Company, 221 So.2d 5 (Fla.App. 3rd 1969).
[7] Valdes v. Prudence Mutual Casualty Company, 207 So.2d 312 (Fla.App. 3rd 1968).