615 So.2d 181 (1993)
Robert PETERSEN, Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Appellee.
No. 92-1828.
District Court of Appeal of Florida, Third District.
March 2, 1993.
Rehearing Denied April 13, 1993.
*182 Lawrence E. Major, and Leslie C. Elrod, Coconut Grove, for appellant.
Richard A. Sherman, Rosemary B. Wilder, Green & Murphy, and Charles B. Green, Jr., Fort Lauderdale, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
PER CURIAM.
Appellant, Robert Petersen (Petersen), appeals a summary judgment in favor of appellee, State Farm Fire and Casualty Company (State Farm). We reverse.
Petersen was driving his motorcycle when he was involved in an accident with an uninsured motorist. Petersen was injured and filed a claim with his insurer, State Farm. State Farm denied the claim on the ground that the motorcycle was not a listed vehicle under Petersen's policy.
The "uninsured motorist" section of the policy contained the following exclusion:
There is no coverage:
For bodily injury to an insured, while occupying a motor vehicle owned by you, your spouse or any relative if it is not insured for this coverage under this policy.
The term "motor vehicle" is defined elsewhere in the policy as follows:
Motor vehicle  means a vehicle with four or more wheels that:
1. is self-propelled and is of a type;
a. designed for, and
b. required to be licensed for use in Florida highways; or
2. is a trailer or semitrailer designed for use with a vehicle described in 1 above.
Petersen sued State Farm seeking a declaratory judgment that there was uninsured motorist coverage under the policy for the motorcycle accident. The trial court entered a summary judgment in favor of State Farm.
Petersen asserts that although the "uninsured motorist" section of the policy excludes "motor vehicles", his motorcycle is not a "motor vehicle" under the definitional terms of the policy because it has two wheels. Thus, Petersen argues that he is entitled to uninsured motorist coverage.
State Farm contends that the definition of "motor vehicle" found elsewhere in the policy does not apply to the "uninsured motorist" section. Thus, State Farm contends that the term "motor vehicle" in the "uninsured motorist" section of the policy must be given its plain and ordinary meaning, which includes motorcycles.
If there is any ambiguity in an insurance policy concerning an exclusionary provision, the ambiguity is construed against the issuer of the policy. National Automobile Insurance Association v. Brumit, 98 So.2d 330 (Fla. 1957). Ceron v. Paxton National Insurance Company, 537 So.2d 1090 (Fla. 3d DCA), review denied, 545 So.2d 1368 (Fla. 1989). Here, an ambiguity arises concerning the term "motor vehicle" as used in the "uninsured motorist" section. It is unclear whether the term was intended to mean a vehicle with four or more wheels, as stated in a different section of the policy, or whether the term was to be given its normal everyday usage, which arguably would include motorcycles.
We find that the term "motor vehicle" was ambiguous as used in the policy. This ambiguity must be construed against State Farm. Accordingly, we reverse and remand for entry of summary judgment in favor of Petersen.
Reversed and remanded with directions.