638 So.2d 936 (1994)
Michael GRANT, Petitioner,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Respondent.
No. 82260.
Supreme Court of Florida.
June 23, 1994.
*937 R. Fred Lewis of Magill & Lewis, P.A., Miami, and McCollem and D'Espies, P.A., Fort Lauderdale, for petitioner.
James K. Clark and Frances F. Guasch of Clerk, Sparkman, Robb & Nelson, Miami, for respondent.
McDONALD, Senior Justice.
We have for review Grant v. State Farm Fire and Casualty Co., 620 So.2d 778 (Fla. 4th DCA 1993), which conflicts with Petersen v. State Farm Fire and Casualty Co., 615 So.2d 181 (Fla. 3d DCA 1993). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. We approve Grant and disapprove Petersen.
Michael Grant was involved in an accident when the motorcycle owned and operated by him collided with an uninsured motorist. Grant's insurance policy with State Farm listed a 1978 Corvette as the only insured vehicle. State Farm denied uninsured motorist coverage based upon the following exclusion:
When Coverage U3 Does Not Apply THERE IS NO COVERAGE:
... .
3. FOR BODILY INJURY TO AN INSURED WHILE OCCUPYING A MOTOR VEHICLE OWNED BY YOU, YOUR SPOUSE, OR ANY RELATIVE IF IT IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY.
In the preface of the policy, a "car" is defined as a "land motor vehicle with four or more wheels, which is designed for use mainly on public roads." In the section entitled "Section II-No-Fault-Coverage P and Medical Payment-Coverage C," the policy defines a "motor vehicle" as
a vehicle with four or more wheels that: 1. is self-propelled and is of a type: a. designed for, and b. required to be licensed for use on Florida highways.
The section of the policy dealing with uninsured motor vehicle coverage does not contain any other definitions of a car or motor vehicle.
Section 324.021(1), Florida Statutes (1991), also known as the Financial Responsibility Act, defines motor vehicle as "every self-propelled vehicle which is designed and required to be licensed for use upon a highway." In comparison, section 627.732, Florida Statutes (1991), pertaining to PIP coverage, defines motor vehicle as "any self-propelled vehicle with four or more wheels which is of a type both designed and required to be licensed for use on the highways of this state." The trial court held that the term "motor vehicle" as used in the uninsured motorist section of the policy included motorcycles. Accordingly, the trial court granted State Farm's motion for summary judgment and found that Grant was not entitled to uninsured motorist benefits. The Fourth District Court of Appeal affirmed.
Grant contends that he is entitled to uninsured motorist coverage because the No-Fault section of the policy defines a motor vehicle as a vehicle with four or more wheels. Grant also points out that the definition of motor vehicle in section 627.732, Florida Statutes (1991), pertaining to PIP coverage, defines a motor vehicle as one with four wheels. State Farm argues that the definition of motor vehicle found in section 324.021(1), Florida Statutes (1991), the Financial Responsibility Law, is the applicable definition. We agree.
Generally, courts will strive to interpret an automobile insurance policy based on the definitions contained within the policy. However, if the definition provided in one section of the policy is not applicable to the coverage at issue in another section, courts may be compelled to search elsewhere for a sensible and appropriate definition. In the instant case, the definition of motor vehicle that is included under the No-Fault section of the policy is not relevant to the exclusions *938 discussed in the Uninsured Motor Vehicle section of the policy.
In Standard Marine Insurance Co. v. Allyn, 333 So.2d 497 (Fla. 1st DCA 1976), the insured party was injured by an uninsured motorist operating a motorcycle. Based on the public policy interest in requiring motorists to have their vehicles insured, Standard Marine held that a motorcycle is a motor vehicle. In reaching that conclusion, the court recognized that "where a contract of insurance is entered into on a matter surrounded by statutory limitations and requirements, the parties are presumed to have entered into such agreement with reference to the statute, and the statutory provisions become a part of the contract." Id. at 499 (quoting Standard Accident Ins. Co. v. Gavin, 184 So.2d 229, 232 (Fla. 1st DCA 1966), cert. dismissed, 196 So.2d 440 (Fla. 1967)). The Financial Responsibility Law, section 324.021(1), defines a "motor vehicle" as a "self-propelled vehicle which is designed and required to be licensed for use upon a highway." We conclude that this statutory definition is consistent with the plain meaning of the term "motor vehicle." Therefore, we hold that a motorcycle is a motor vehicle in the context of this case. Accordingly, we approve the decision in Grant and disapprove Petersen.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.