719 So.2d 981 (1998)
Eduardo MANGUAL, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE, etc., Appellee.
No. 98-180.
District Court of Appeal of Florida, Fifth District.
October 23, 1998.
*982 Mark A. Nation of The Nation Law Firm, Longwood, for Appellant.
Thomas G. Kane of Kane, Singer, Planck, Donoghue, Clark & Mixson, Orlando, for Appellee.
W. SHARP, Judge.
Mangual appeals from a final summary judgment which denied him uninsured motorist coverage based on policies issued on his parents' vehicles, for injuries he suffered while driving his own uninsured vehicle. He argues that the selection/rejection form used by State Farm Mutual Automobile Insurance Company (State Farm) is ambiguous, and thus his parents' selection of limited uninsured motorist coverage in their policies was contrary to law. We affirm.
The parties entered into a stipulation of facts which included the following:
1. Mangual was injured by an under-insured motorist on October 27, 1993.
2. At the time of the accident, Mangual was driving his own vehicle which was not insured.
3. On the date of the accident, Mangual resided with his parents who were insured under two motor vehicle insurance policies with State Farm. Both policies afforded uninsured motorist coverage.
4. As a resident relative, Mangual was a class I insured under the two State Farm policies.
5. At the time of purchasing uninsured motorist coverage from State Farm, Mangual's father signed a form which states as follows:
"This coverage can be purchased in a `stacking' form or a `non-stacking' optional form. Under the stacking form you can add the coverage available under two or more policies when damages exceed the limits of one policy. If you exercise the option to purchase, at a reduced rate, the non-stacking optional form you will have more limited coverage. If injury occurs in a vehicle owned or leased by you or a relative who lives with you, only the policy, if any, on that vehicle applies. (emphasis supplied)
On the date of the filing of the stipulation, State Farm also filed a motion for summary judgment. Two months later, on December 15, 1997, the trial court entered final summary judgment in favor of State Farm. In the order, the trial court found that the coverage available on the policies issued to Mangual's parents for their personal vehicles did not apply because they "made an election to buy non-stackable uninsured motorist coverage in accordance with Florida Statute § 627.727(9)."
Section 627.727(9) provides that if adequate notice to the insured is given:
Insurers may offer policies of uninsured motorist coverage containing policy provisions, in language approved by the department, establishing that if the insured accepts this offer:

*983 (a) The coverage provided as to two or more motor vehicles shall not be added together to determine the limit of insurance coverage available to an injured person for any one accident, except as provided in paragraph (c).
(b) If at the time of the accident the injured person is occupying a motor vehicle, the uninsured motorist coverage available to her or him is the coverage available as to that motor vehicle.
* * * * * *
(d) The uninsured motorist coverage provided by the policy does not apply to the named insured or family members residing in her or his household who are injured while occupying any vehicle owned by such insureds for which uninsured motorist coverage was not purchased.
Mangual argues the language in the notice signed by his parents is ambiguous because it could be read to mean only that an insured cannot stack coverage in the State Farm policy with coverage available under another policy. He points out that the language is contained in a paragraph describing stacking as opposed to non-stacking forms of coverage. Thus Mangual concludes, the clause only provides notice of a limitation on the amount of coverage available rather than notice of an exclusion from uninsured motorist coverage.
In enacting subsection 627.727(9) the legislature altered the broad coverage requirements for class I insured persons stated in Mullis v. State Farm Mutual Auto. Ins. Co., 252 So.2d 229, 233 (Fla.1971). The notice form used by State Farm in this case has been approved by the Department of Insurance. Although it does not recite subsection (9) in full, or any of paragraph (d), it nonetheless appears to provide sufficient notice as to the coverage question at issue by informing Mangual's parents that if injury occurs in a vehicle owned by a relative who lives with them, only the policy, if any, on that vehicle applies.
Subsection (9) requires an insurer to explain to the insured the limitations of nonstacked coverage, but it does not require the insurer to explain the positiveswhat stacking is and what benefits it could afford. Perhaps that would be an impossible task, since even the appellate courts have had difficulty explaining stacking ramifications.[1] Yet logically an insured really cannot be said to knowingly give up rights without knowing what they are.
In any event, the situation involved in this case is simple. Section 627.727(9)(d) permits insurers in this state to issue policies that do not provide uninsured motorist coverage to the insured or family members residing in the household who are injured while occupying any vehicle owned by such insureds for which uninsured motorist coverage was not purchased. Government Employees Insurance Co. v. Douglas, 654 So.2d 118 (Fla. 1995); Grant v. State Farm Fire & Casualty Co., 638 So.2d 936 (Fla.1994). The notice form used in this case informed Mangual's parents that this would result if they purchased a policy with a non-stacking option for a reduced premium. And the policy issued contained that exclusion or limitation. It provided:
When Coverage U3 Does Not Apply
There is no coverage:
(3) For Bodily Injury To An Insured While Occupying A Motor Vehicle Owned by You, Your Spouse Or Any Relative If It Is Not Insured For This Coverage Under this Policy.
AFFIRMED.
HARRIS, J., concurs.
DAUKSCH, J., concurs with result only.
NOTES
[1] Government Employees Ins. Co. v. Douglas, 654 So.2d 118 (Fla.1995); World Wide Underwriters Ins. Co. v. Welker, 640 So.2d 46 (Fla.1994); Nationwide Mutual Fire Ins. Co. v. Phillips, 609 So.2d 1385 (Fla. 5th DCA 1992), rev. denied, 640 So.2d 53 (Fla.1994).