749 So.2d 581 (2000)
AUTO-OWNERS INS. CO., Appellant,
v.
William Clyde CHRISTOPHER and Tina Quinn, etc., Appellees.
No. 5D99-1669.
District Court of Appeal of Florida, Fifth District.
January 28, 2000.
Jonathan B. Trohn of Lane, Trohn, Bertrand & Vreeland, P.A., Lakeland, for Appellant.
Elizabeth R. Chanfrau of Chanfrau, Chanfrau & Bouck, Daytona Beach, for Appellee.
W. SHARP, J.
Auto-Owners Insurance Company (Auto-Owners) appeals from a final summary judgment rendered by the trial court against it and in favor of its insureds, Tina Quinn and her son, William Christopher. The court ruled that coverage existed for Christopher under Auto-Owners' policy, which had been issued to Quinn. Both parties agree this is a ruling based entirely on the interpretation of the insurance policy language. We disagree with the trial court and reverse.
*582 Christopher was involved in an accident with an uninsured motorist while he was riding a 1985 Yamaha motorcycle, which was owned by Quinn. It was not listed as a covered motor vehicle under his mother's policy with Auto-Owners. With regard to Uninsured Motorist Coverage, the policy provided:
If you are an individual, we extend this coverage. We will pay bodily injury damages which you are legally entitled to recover from the owner or driver of any uninsured motor vehicle. We give this same protection to any relative living with you who does not own a car.
There was no dispute that Christopher did not own a car, or that he was a relative who lived with Quinn.
However, immediately following the above-quoted statement of uninsured motorist coverage, there appears the following Exclusion:
This coverage does not apply ...
* * *
(e) to bodily injury to any person while occupying or getting in or out of a motor vehicle owned by you or a relative living with you unless a premium for this coverage is shown in the Declarations for that motor vehicle. (emphasis supplied.)
It was also undisputed that Quinn had not paid an additional premium for coverage of her motorcycle, and it was not shown as covered on the Declarations page.
The insureds argue that the exclusion is contradictory to the statement of coverage, thus creating an ambiguity in the policy which should be construed in favor of the insureds. Purrelli v. State Farm Fire & Casualty Co., 698 So.2d 618 (Fla. 2d DCA 1997). However, this is not a situation where the exclusion in the policy completely swallows the insuring provision. Compare Tire Kingdom, Inc. v. First Southern Ins. Co., 573 So.2d 885, 887 (Fla. 3d DCA 1990), rev. denied, 589 So.2d 290 (Fla. 1991). Had Christopher been riding his neighbor's motorcycle and been injured in an accident with an uninsured motorist, he would have been covered by this policy.
We find no ambiguity in the exclusion and statement of coverage in this policy. An exclusion is always somewhat in conflict with the general statement of coverage, to a degree. Inter-Active Services v. Heathrow Master Ass'n, Inc., 721 So.2d 433 (Fla. 5th DCA 1998). Here, the exclusion has the effect of encouraging the insured to pay a premium for every vehicle owned, or to put it another way, not to allow an insured to purchase one policy and expect all the insured's other vehicles to be covered as well. Although this may be described as a trap for the unwary and contrary to Mullis v. State Farm Mutual Auto. Ins. Co., 252 So.2d 229 (Fla.1971), and the philosophy of coverage set forth in that opinion, the Legislature has specifically approved this exclusion from uninsured motorist coverage.[1] Accordingly, we reverse and remand for entry of judgment for Auto-Owners.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] § 627.727(9)(d), Fla. Stat. See Mangual v. State Farm Mutual Automobile Ins. Co., 719 So.2d 981 (Fla. 5th DCA 1998).