821 So.2d 445 (2002)
PROGRESSIVE EXPRESS INSURANCE COMPANY, Appellant,
v.
Randy BOYCE and Bonnie Boyce, Appellees.
No. 2D01-3085.
District Court of Appeal of Florida, Second District.
July 19, 2002.
Tracy Raffles Gunn of Fowler White Boggs Banker, P.A., Tampa, for Appellant.
Elizabeth P. Allen and Mark H. Wright of Gibbons, Cohn, Neuman, Bello, Segall & Allen, P.A., Tampa, for Appellees.
STRINGER, Judge.
Appellant, Progressive Express Insurance Company (Progressive), challenges a final declaratory judgment entered in favor of appellees, Randy and Bonnie Boyce, on the Boyces' motion for summary judgment. On August 19, 2000, the Boyces were involved in an automobile accident. At the time of the accident, Randy Boyce was operating a 1994 Harley Davidson motorcycle, and Bonnie Boyce was a passenger on the motorcycle. The motorcycle was owned by Randy Boyce. It is undisputed that the Boyces' policy with Progressive listed a 1997 Chevrolet and a 1991 Nissan as the only insured vehicles.
Progressive denied coverage based upon the "owned but uninsured" exclusion in the Boyces' policy barring bodily injury claims arising from the operation of motor vehicles owned by the insured but not listed in the policy. The exclusion reads, "Coverage under this Part III is not provided for bodily injury sustained by any person while using or occupying ... any motor vehicle owned by you or a relative, other than a covered vehicle." The Boyces do not dispute that the motorcycle is not a "covered vehicle" under this policy. Rather, they contend that a motorcycle is not a motor vehicle under the policy, and therefore the "owned but uninsured" exclusion is inapplicable.
The general definitions section of the policy provides:

*446 Except as otherwise defined in this policy, terms appearing in boldface will have the following meaning:
. . . .
13. "Vehicle" means a land motor vehicle:
. . . .

c. With at least four (4) wheels;
The word "vehicle" in the "owned but uninsured" exclusion is not boldfaced, and thus, this definition would not apply. There is not a separate definition of "vehicle" or "motor vehicle" in the uninsured motorist section of the policy.
The trial court concluded that the term "vehicle" as used in the policy is ambiguous and that the policy should be construed in favor of coverage. The court entered summary judgment for the Boyces finding that a motorcycle is not a "motor vehicle" and that the "owned but uninsured" exclusion does not apply. We disagree.
Where the section of an insurance policy dealing with uninsured motor vehicle coverage does not contain a definition of motor vehicle, courts may be compelled to seek a definition elsewhere. Grant v. State Farm Fire & Cas. Co., 638 So.2d 936, 937 (Fla.1994). Section 324.021(1), Florida Statutes (1999), the Financial Responsibility Law of 1955, defines the term motor vehicle as "every self-propelled vehicle which is designed and required to be licensed for use upon a highway." We agree with Progressive's argument that this is the applicable definition. See Grant, 638 So.2d 936 (applying definition of motor vehicle under section 324.021(1) where section of policy dealing with uninsured motor vehicle coverage did not contain definition of motor vehicle); Auto-Owners Ins. Co. v. Christopher, 749 So.2d 581 (Fla. 5th DCA 2000).
We reverse and remand with instructions to enter judgment for Progressive on its motion for summary judgment.
Reversed and remanded.
NORTHCUTT and COVINGTON, JJ., concur.