# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-4030
Lower Tribunal No. 2022-CA-010905-O

_____

PHYLLIS BURZEE,

Appellant,

v.

AMERICAN TRADITIONS INSURANCE COMPANY,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Margaret H. Schreiber, Judge.

December 23, 2025

TRAVER, C.J.

Phyllis Burzee appeals the trial court's order granting American Traditions Insurance Company's motion to dismiss without prejudice but without leave to amend. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A); *Hughes v. Univ. Prop. & Cas. Ins.*, 374 So. 3d 900, 901 & n.2 (Fla. 6th DCA 2023) (district court had jurisdiction because dismissal order both "disposed of [appellant's] complaint and required her to file a separate lawsuit" (citing *Deutsche Bank Nat'l Tr. Co. v. Quinion*, 198 So. 3d 701, 703 (Fla. 2d DCA 2016))), *review granted*, 2024 WL

1714497 (Fla. Apr. 22, 2024).  Burzee complied with section 627.70152, Florida Statutes (2021), when she sued American Traditions even though the parties had not yet completed the appraisal process.  Although appraisal concluded after Burzee filed suit, the trial court erred when it dismissed Burzee's case without addressing the matter's remaining unresolved issues.

In August 2021, American Traditions issued Burzee an insurance policy that provided property damage coverage for her home.  The policy required Burzee to notify American Traditions in writing if the parties disagreed about a loss so American Traditions could demand appraisal.  It also required the parties to complete appraisal before Burzee could sue.

Three months later, Burzee suffered damage to her home and informed American Traditions.  In July 2022, Burzee notified American Traditions of her intent to file suit.  American Traditions responded and advised Burzee that it received her estimate for the cost of damages to her home and acknowledged coverage.  But it disagreed with the amount Burzee sought, so it invoked its right to appraisal.  The parties then began the appraisal process.

In December 2022, before the parties had completed appraisal, but after it had been ongoing for more than ninety days, Burzee sued American Traditions for breach of contract.  She sought monetary damages, interest, and attorney's fees.

In January 2023, the parties concluded appraisal. The resulting appraisal award addressed Burzee's damages, excepting alternative living expenses and interest. Based on the award, though, American Traditions moved to compel compliance with appraisal and dismiss the case. It claimed that when Burzee sued, the parties had not yet completed appraisal. Thus, Burzee violated the policy's terms by litigating too quickly. American Traditions also moved for sanctions against Burzee for filing a frivolous lawsuit.

In response, Burzee insisted that she had complied with section 627.70152(4)(b), which allowed her to sue American Traditions if appraisal had not been completed within ninety days after the ten-day deadline following issuance of her notice of intent expired. She also noted that American Traditions had not paid her the appraisal award.

The trial court dismissed Burzee's case without prejudice but without leave to amend. It determined Burzee filed her lawsuit too soon and in contravention of the policy's language. It directed American Traditions to pay Burzee the appraisal award within ten days and encouraged the parties to discuss outstanding interest.

American Traditions promptly paid Burzee the appraisal award, plus interest and the alternative living expenses she had sought to date. It directed Burzee to request additional payment for alternative living expenses, if needed. Following denial of her rehearing motion, Burzee timely appealed.

3

We review de novo a trial court's order granting a motion to dismiss. *See Riggins v. Clifford R. Rhoades, P.A.*, 373 So. 3d 655, 659 (Fla. 6th DCA 2023). Burzee makes the same arguments before us as she did below. While American Traditions bears no appellate burden, we note that it has abandoned its argument raised below that the policy's language controlled when Burzee could file suit. Instead, it claims Burzee's suit lacked merit because the policy allowed American Traditions sixty days to pay out the finalized appraisal award.

Section 627.70152, which first became effective on July 1, 2021, applies "exclusively to all suits . . . arising under a residential . . . property insurance policy." § 627.70152(1), Fla. Stat. (2021). It provides that as a condition precedent to suit, a claimant must provide written notice of intent to initiate litigation at least ten days before suing. *Id*. § 627.70152(3)(a). An insurer must respond in writing within 10 business days after receiving the notice." *Id.* § 627.70152(4). "If an insurer is responding to a notice provided to the insurer alleging an act or omission by the insurer other than a denial of coverage, the insurer must respond by making a settlement offer or requiring the claimant to participate in appraisal . . . ." § 627.70152(4)(b). And "[i]f the appraisal . . . has not been concluded within 90 days after the expiration of the 10-day notice of intent to initiate litigation . . ., the claimant or claimant's attorney may immediately file suit without providing the insurer additional notice." *Id*.

As American Traditions now acknowledges, the statute's language controls over the policy's language. *See Grant v. State Farm Fire & Cas. Co.*, 638 So. 2d 936, 938 (Fla. 1994) ("[W]here a contract of insurance is entered into on a matter surrounded by statutory limitations and requirements, the parties are presumed to have entered into such agreement with reference to the statute, and the statutory provisions become a part of the contract." (quoting *Standard Marine Ins. v. Allyn*, 333 So. 2d 497, 499 (Fla. 1st DCA 1976))). Burzee notified American Traditions of her intent to sue, it invoked appraisal, and when appraisal lasted longer than 90 days, she sued. This complied with section 627.70152, which was in effect when the parties executed their contract. Burzee's suit was not premature. *See* § 627.70152(4)(b). The trial court thus erred in dismissing her complaint. At least at this stage, Burzee's suit also has potential merit because at least one issue remains outstanding.

We reverse and remand for further proceedings. This includes further potential payouts under the policy and attorney's fees issues. The latter relates both to a determination of a prevailing party and American Traditions' outstanding motion for sanctions. We express no opinion on what should occur following remand.

REVERSED and REMANDED.

GANNAM, J., and SCHULTZ-KIN, L.K., Associate Judge, concur.

Chad A. Barr and Dalton L. Gray, of Chad Barr Law, Altamonte Springs, for Appellant.

Scott E. Samis and David T. Burr, of Traub Lieberman Straus & Shrewsberry, LLP, St. Petersburg, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED